DEL VALLE, DEMANDANTE Y APELADO, *v.* RIVERA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre *injunction* para recobrar posesión de propiedad inmueble.

No. 1383.—Resuelto en marzo 24, 1916.

INJUNCTION PARA RECOBRAR POSESIÓN DE PROPIEDAD INMUEBLE—HECHOS ESENCIALES DE LA DEMANDA—ACTOS VIOLENTOS O FRAUDULENTOS.—Uno de los hechos esenciales en demanda para recobrar la posesión de propiedad inmueble, de acuerdo con la ley No. 43 de marzo 13, 1913, es que el demandante haya sido privado por actos violentos o fraudulentos del demandado, de la finca que posee, ya que si no hay privación de posesión no puede ordenarse ni cumplirse que se restablezca en ella al demandante.

ID.—PÉRDIDA DE POSESIÓN DE PARTE DE LA FINCA—INSCRIPCIÓN DE LA FINCA—SENTENCIA.—Cuando no se ha perdido la posesión de toda una finca sino de alguna parte de ella, la posesión perdida deberá ser descrita para que si racae sentencia favorable pueda ser restablecido en su posesión el demandante. Lo que debe describirse en la demanda es la finca o la parte de ella que se trata de recobrar.

ID.—PRIVACIÓN EFECTIVA DE POSESIÓN—INTENCIÓN.—La acción que concede la ley No. 43 de marzo 13, 1913, sólo procede ejercitarla cuando existe privación

efectiva de posesión y nó cuando ésta no ha tenido lugar aunque existan actos que demuestren intención de tal privación, pues la acción es únicamente para recobrar la posesión y no para retenerla contra actos que amenazaren hacerla perder.

ID.—PENETRACIÓN EN LA FINCA—CORTE DE ARBOLES—PERTURBACIÓN DE LA POSE-SIÓN—DAÑO—POSESIÓN MATERIAL.—El solo hecho de penetrar con machetes en la finca de otro y aún el de cortar parte de la arboleda no lleva como consecuencia necesaria al hecho de que se le privó de la posesión material. de la finca o parte de ella. Sería un acto de perturbación de la posesión o de daño, pero no de privación o despojo de la posesión material de la finca.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Márquez Huertas.*

Abogado del apelado: *Sr. Rafael López Landrón.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la demanda con que se inició este procedimiento alegó Pedro del Valle ser dueño y estar en posesión desde hacía muchos años de una finca de 29 cuerdas cuya descripción hizo por los nombres de los dueños de las fincas contiguas, siendo colindante por el sur el demandado Ramón Rivera, y que éste, seis días antes de la presentación de la demanda, y con el auxilio de personas armadas, se introdujo en la expresada finca del demandante sin su autorización, contra su voluntad y sin orden ni mandato de autoridad competente, privándole del "tranquilo y completo disfrute de la propiedad y adoptando medidas y disposiciones para cruzarla y cercarla arrebatando al demandante una parte considerable de ella."

Dictada sentencia condenatoria de acuerdo con la súplica de la demanda ordenando que el peticionario Pedro del Valle sea inmediatamente restablecido en la posesión real y efectiva de la finca de 29 cuerdas cuya descripción. también hace y requiriendo a Ramón Rivera para que en lo sucesivo se abstenga de cometer actos de violencia en la posesión real de dicha finca, apercibido de desacato, e imponiéndole el pago de las costas, desembolsos y honorarios de abogado en que ha incurrido el demandante, interpuso Ramón Rivera el presente recurso de apelación con súplica de que la revoquemos.

En la demanda se ejercita la acción de *injunction* para re-

cobrar la posesión de propiedad inmueble que autoriza la ley No. 43 de marzo 13 de 1913. Según esta ley si se alega y prueba que dentro de los cuatro meses con anterioridad a la demanda estaba el demandante en posesión real de propiedad inmueble y que ha sido privado de ella por actos violentos o fraudulentos del demandado, se dictará sentencia ordenando que el demandante sea restablecido en la posesión y se requerirá al demandado para que se abstenga en lo sucesivo de cometer tales actos u otros que manifiesten el mismo propósito. Así, pués, uno de los hechos esenciales en esta clase de demanda es que el demandante haya sido privado por actos violentos o fraudulentos del demandado de la finca que posee ya que si no hay privación de posesión no puede ordenarse ni cumplirse que se restablezca en ella al demandante. Por supuesto, que si no se ha perdido la posesión de toda una finca sino de alguna parte de ella la posesión perdida deberá ser descrita para que si recae sentencia favorable pueda ser restablecido en su posesión el demandante. Lo que debe describirse en la demanda es la finca o parte de ella que se trata de recobrar. También debemos consignar que la acción que concede esta ley sólo procede ejercitarla cuando existe una privación efectiva de posesión y no cuando ésta no ha tenido lugar aunque existan actos que demuestren intención de tal privación, pues la acción es únicamente para recobrar la posesión y no para retenerla contra actos que amenazaren hacerla perder.

Expuesto lo que precede veamos ahora si la prueba sostiene la sentencia condenatoria que en este caso se dictó.

Las conclusiones del juez en cuanto a las pruebas fueron las siguientes:

"Examinando en conjunto la evidencia presentada por ambas partes, resulta satisfactoriamente comprobado, que el peticionario es dueño legítimo de la finca descrita en el hecho segundo de la demanda y que el demandado, que es su colindante, penetró en dicha propiedad el día que se cita en la demanda, acompañado de varias personas, armadas con machetes, ejerciendo actos de fuerza y privando, por

consiguiente, al peticionario de la posesión real de su propiedad, perturbándolo e impidiéndole su legítimo goce.

"Todos los testigos del peticionario han convenido en el hecho esencial de que la finca que se describe en la demanda, pertenece al peticionario, y ellos mismos han determinado sus colindancias con bastante exactitud, afirmando que los actos de violencia realizados por el demandado y sus acompañantes, lo fueron dentro de los límites de esa propiedad, en donde sus árboles fueron cortados y sus dueños amenazados; pero como algunas indicaciones fueron hechas por ciertos testigos durante la primera sesión de este juicio que establecieron alguna confusión respecto al lugar donde estos actos de violencia habían ocurrido, la corte suspendió la vista del pleito y dispuso que un perito nombrado por cada parte hiciera una mensura y deslinde de aquel terreno, con vista de los títulos respectivos y que presentasen bien de común acuerdo o separadamente un plano de las verdaderas colindancias de ambas fincas.

"Tal requisito quedó incumplido y no sabemos por qué causas ni siquiera prestó declaración ante la corte el perito; que los testigos afirman que llevó a cabo la medición de las fincas del demandado y cuya mensura dicen ellos que fué la causa de las desavenencias ocurridas entre él y el peticionario y de los actos de violencia que allí se desarrollaron, por cuya razón tenemos que resolver este punto en controversia basándonos sólo en los documentos presentados y en las declaraciones testificales de ambas partes, entre las cuales está la del perito del peticionario, Sr. Noble, quien dice haber hecho una mensura de los terrenos del peticionario, cumpliendo todos los requisitos legales. Del examen de toda esta evidencia resulta que los hechos establecidos en la demanda han sido probados y que una sentencia debe ser dictada de acuerdo con sus peticiones."

Nosotros somos de opinión que ni los hechos que estimó probados la corte sentenciadora ni la prueba misma sostienen una sentencia condenatoria. Todo lo que la corte estima probado es que el demandado acompañado de otras personas armadas de machetes penetró en la finca del demandante ejerciendo actos de fuerza, de donde infiere que lo privó de la posesión real de su propiedad, aunque no hace declaración de que exista el hecho de la privación de toda la finca o de parte de ella. El solo hecho de penetrar con machetes en la finca de otro, y aún el de cortar parte de la arboleda no lleva como

consecuencia necesaria al hecho de que se le privó de la posesión material de la finca o de parte de ella. Será un acto de perturbación de la posesión o de daños pero no de privación o despojo de la posesión material de la finca.

Además, examinando las numerosas declaraciones prestadas en el juicio se llega a la conclusión de que la prueba no demuestra que el demandante fué privado de la posesión de su finca ni de parte de ella. No hay contradicción entre los testigos de ambas partes respecto a que un agrimensor practicó el deslinde y mensura de una finca de 31 cuerdas poseída por el demandado Ramón Rivera que colinda con la de Pedro del Valle y la sola discrepancia es si para llevarla a efecto penetró o nó en la finca del demandante, debido quizás al hecho de no existir una colindancia natural o una cerca que separe las fincas, y si esto se hizo o nó por la fuerza, pues mientras los testigos de la parte demandada sostienen que Pedro del Valle no hizo oposición al deslinde y mensura, que no penetraron en la finca de éste y que no realizaron acto alguno de violencia pues los machetes los llevaron y utilizaron únicamente para abrir paso en la arboleda para practicar la mensura, los testigos del demandante sostienen que Pedro del Valle se opuso al deslinde, que para practicarlo se metieron en su finca y que en ella abrieron un callejón con los machetes.

Esto es todo lo que arroja la prueba de las partes por lo que, decidido por la corte inferior en contra del demandado el conflicto de la prueba, todo lo que resulta probado es que hubo un deslinde de la finca del demandado, que para practicarlo entraron varias personas con machetes en la finca del demandante donde abrieron un callejón en la arboleda para verificar la mensura y que todo esto se hizo contra su voluntad, pero de aquí no puede deducirse que con el deslinde y mensura en esa forma quedó privado el demandante de la posesión material de su finca ni hay prueba de que esto ocurriera. El hecho alegado en la demanda de que el demandado ''arrebató''

al demandante una parte considerable de la finca, no ha sido probado, ni tal parte fué descrita.

La sentencia apelada debe ser revocada y dictarse otra absolviendo al demandado sin especial condena de costas.

> *Revocada la sentencia apelada y absuelto de la demanda el demandado, sin costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.