MEJÍA ET AL., DEMANDANTES Y APELADOS, *v.* SUÁREZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre *injunction* para recobrar la posesión.

No. 1853.—Resuelto en abril 24, 1919.

INJUNCTION PARA RECOBRAR LA POSESIÓN.—Para que pueda prosperar el recurso de *injunction* para recobrar la posesión de una finca rústica, es requisito indispensable que el demandante identifique tan claramente la finca cuya posesión reclama, que el oficial ejecutivo de la corte pueda entregarla sin dificultad.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. José C. Ramos.*

Abogado de los apelados: *Sr. Celestino Domínguez Rubio.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Salustiano, Juan y Petronila Mejía presentaron demanda en la Corte de Distrito de Guayama ejercitando la acción de *injunction* para recobrar la posesión, dirigida contra Pelegrín, Modesto y Rafael Suárez, y contra Severiano Santiago, alegando ser dueños en común proindiviso, con cuatro meses de anterioridad a la demanda, de una finca de diez y seis cuerdas de terreno radicada en el barrio de Cuyón del municipio de Aibonito cuya descripción hicieron, que habían adquirido por compra en 26 de diciembre de 1916 en cuya fecha entraron en posesión material y civil de ella y la tuvieron hasta el 19 de octubre de 1917 en que los demandados violentamente, con amenazas y por la fuerza entraron en ella y se posesionaron de una parcela de dicha finca que se describe en la siguiente forma:

"Parcela con cuatro cuerdas más o menos, parte de la principal, colindante por el norte terrenos de María Mercedes Mejía, por el sur con los de Juan González, por el este con los de Pelegrín Suárez, Luz María Suárez y Celestino Rolón y por el oeste con el resto de la finca principal."

Los hechos de la demanda fueron negados por los demandados quienes como materia nueva alegaron que las cuatro cuerdas descritas en la demanda tienen sus colindancias equivocadas y que la verdadera descripción de ellas es por el norte, Antonio Rolón; por el sur y oeste, Severiano, Paulina, y María Mercedes Santiago y al este Celestino Rolón; parcela que pertenece a los hijos menores de María González viuda de Miguel Santiago y a otros quienes la compraron a María Mercedes Mejía, entraron en posesión de ella y tienen la misma por más de un año.

Celebrado el juicio correspondiente recayó sentencia disponiendo que los demandantes sean restablecidos en la posesión de una parcela de terreno cita en el barrio dicho con

cabida de cuatro cuerdas, colindante por el norte con María
Mercedes Mejía; por el sur con Juan González Colón; por el
este con Luz María y Pelegrín Suárez y Celestino Rolón y
por el oeste con Pelegrín Suárez, cuya parcela de terreno
está situada en la colindancia contigua a la línea divisoria
de la finca de doce cuerdas de los demandados y se dispuso
también por la sentencia que éstos fueran requeridos para
que en lo sucesivo se abstengan de cometer acto alguno ten-
dente a perturbar a los demandantes en la posesión de dicha
finca bajo apercibimiento de desacato, exceptuando cualquier
remedio que puedan utilizar en ley para determinar el do-
minio de dicha finca, con imposición de costas y desembolsos.

Apelada esta sentencia por los demandados fundan prin-
cipalmente su recurso en que es contraria a la prueba pre-
sentada en el juicio porque el demandante Salustiano Mejía
reconoció en su declaración que nunca habían tomado posesión
de la finca cuya posesión se manda restituir a los demandan-
tes y porque no ha podido ser identificada la parcela que se
ordena restituir, la que se describe en la sentencia con colin-
dancias distintas a las que se consignan en la demanda.

Los demandantes presentaron como prueba en el juicio
una escritura pública según la cual en 26 de diciembre de
1916, María Mercedes Mejía, asegurando ser dueña de una
finca de 45 cuerdas de terreno y que de la misma había segre-
gado y vendido en la misma fecha trece cuerdas a Juan Gon-
zález Colón, segregó diez y seis cuerdas y las vendió a los de-
mandantes. También presentaron prueba testifical consis-
tente en la declaración del demandante Salustiano Mejía, de
Justo Avilés, y de Emérito Rodríguez. Los demandados pre-
sentaron también por su parte prueba testifical.

Examinada en conjunto la prueba llegamos a la conclu-
sión de que María Mercedes Mejía era dueña de una finca
cuya cabida se dice ser de cuarenta y cinco cuerdas de terreno
y que habiendo vivido en ella con varios hijos legítimos y
sucesiones de éstos, con su concubino Juan González y con

varios hijos naturales, vendió de la finca trece cuerdas a Juan González; diez y seis cuerdas a los hijos legítimos de las cuales cuatro eran para María González viuda de su hijo Miguel Santiago y vendió también las restantes diez y seis cuerdas a los demandantes, que son sus hijos naturales; que Juan González hizo medir sus trece cuerdas y también los demandados las diez y seis cuerdas de ellos y que después de esto no se siguió la mensura porque quedaban solamente unas nueve cuerdas en vez de diez y seis. Las segregaciones de la finca no fueron entregadas por la vendedora bajo puntos determinados ni por deslinde.

En vista de esto resulta muy dudoso de la prueba si los demandantes llegaron a tomar posesión de diez y seis cuerdas como reza la escritura pues el propio demandante Salustiano Mejía declara que las diez y seis cuerdas de los demandantes no fueron deslindadas, pues a una repregunta del abogado de los demandantes en la que se le interrogaba si a ellos no pudieron entregarles el terreno porque los demandados ''se habían despachado con la cuchara grande'' contestó que seguramente así era. En cuanto a sus otros dos testigos su conocimiento de la posesión de las diez y seis cuerdas, y en particular de las cuatro cuerdas objeto de la demanda, especialmente el del primer testigo Justo Avilés, se funda en la existencia del título de compraventa. Por consiguiente existe mucha duda respecto a si en realidad los demandantes poseían el 19 de octubre de 1917 las cuatro cuerdas que alegan estaban poseyendo como parte de las diez y seis compradas a María Mercedes Mejía.

Pero la cuestión principal en este pleito es si las cuatro cuerdas de terreno objeto del pleito están identificadas de tal manera que permitan al oficial ejecutivo del tribunal cumplir la sentencia que ordena que se restituya a los demandantes en la posesión de cuatro cuerdas de terreno.

La demanda describe esa parcela de cuatro cuerdas más o menos por colindancias; la sentencia ordena la restitución

de cuatro cuerdas también por colindancias; de las declara-
ciones de los testigos de los demandantes no puede saberse
si en efecto fueron exactamente cuatro cuerdas las que deten-
taron los demandados porque tanto Salustiano Mejía como
Justo Avilés y Emérito Rodríguez hablan siempre de cuatro
cuerdas más o menos y el primero dice que según su cálculo
los demandados han cogido cuatro cuerdas, más o menos, las
describen por colindancias y no encontramos en la prueba dato
alguno que determine el sitio preciso en que se hallan esas
cuatro cuerdas ni la forma de dicha parcela, pues mientras la
demanda dice que por el oeste tiene por colindancia el resto
de la finca principal, refiriéndose indudablemente a las diez
y seis cuerdas de los demandantes, la finca que la sentencia
ordena restituir tiene como colindante por ese rumbo no a
dicha finca principal sino a Pelegrín Suárez, diferencia que
los apelados admiten que existe y que puede ser corregida
por este tribunal.  A más de esto, se observa que el propio
demandante Salustiano Mejía dió como colindante al oeste
de las cuatro cuerdas a Pelegrín Suárez y Severiano Santiago
mientras que por su parte Justo Avilés le fija como colin-
dantes por el oeste a Pelegrín, Severiano, don Celestino Ro-
lón y Luz María Suárez, y el otro testigo Emérito Rodríguez,
después de decir que por el este colinda con Pelegrín Suárez,
Luz María Suárez y Celestino Rolón, agrega "y por el oeste
con los mismos" pareciendo de este modo que los últimos son
también colindantes por el oeste.

Esta confusión en las colindancias de la parcela cuya res-
titución se trata de obtener demuestran qué incierto es deter-
minar la parcela que ha de ser restituída y que aún admi-
tiendo que las colindancias sean las que marca la sentencia
y también que está equivocada por el rumbo del oeste y que
la colindancia por este lado es el resto de la finca de diez y
seis cuerdas de los demandantes, de todos modos entendemos
que la parcela de cuatro cuerdas no ha sido identificada de
tal modo que permita al oficial ejecutivo de la corte entre-

garla a los demandantes.  No sabemos cómo procedería dicho funcionario a cumplir la sentencia so pena de que tuviera que hacer una investigación, impropia de él, en cuanto al punto o línea desde donde empiezan y acaban dichas cuatro cuerdas por los distintos puntos cardinales.  Esto es súficiente, a nuestro modo de ver, para que la sentencia deba ser revocada por no haber identificado claramente los demandantes la finca que están pidiendo que se les entregue otra vez como poseída por ellos.

Tal vez en un nuevo juicio pudieran subsanarse los defectos de la prueba.

Por las razones expuestas la sentencia apelada debe ser revocada sin perjuicio de que pueda pedirse un nuevo juicio.

*Revocada la sentencia apelada, sin perjuicio de que pueda pedirse un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asoñiados Wolf, del Toro y Hutchison.