Nicolasa Suárez, en representación de sus hijos menores de edad Santos y Domingo Suárez; y Felipe Suárez, por sí mismo, demandantes y apelados, *v.* Sucesión de Bruno Lanausse, compuesta de su hermana Josefina Lanausse, demandada y apelante.

No. 5641.—*Sometido:* Mayo 18, 1931. *Resuelto:* Mayo 29, 1931.

*Miguel Bahamonde,* abogado de la apelante; *José Q. Torres Sallaberry,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este es un pleito sobre filiación iniciado por "Nicolasa Suárez en representación de su hijo menor de edad Santos Suárez, Domingo Suárez y Felipe Suárez contra la Sucesión de Bruno Antonetti compuesta de su hermana Josefina Lanausse". Se emplazó personalmente a Josefina Lanausse, en la representación indicada, el 28 de octubre de 1930. No contestó. Se anotó su rebeldía. Se señaló la vista del pleito para el 12 de diciembre de 1930. Compareció sólo la parte demandante. Practicóse parte de la prueba, quedando el caso abierto para introducir la documental. Esta parece que

puso de manifiesto que el nombre del causante no era el fijado en la demanda, enmendándose así: "Nicolasa Suárez en representación de sus hijos menores de edad Santos Suárez y Domingo Suárez; Felipe Suárez por sí mismo, *v.* Sucesión de Bruno Lanausse, compuesta de su hermana Josefina Lanausse". El 16 de enero de 1931, la corte dictó sentencia favorable a los demandantes. No conforme la demandada, interpuso el presente recurso de apelación, señalando como error el cometido a su juicio por la corte al dictar sentencia sobre la base de una demanda substancialmente enmendada que no le fué notificada.

■■ La cuestión suscitada es nueva en esta jurisdicción e interesante.

No hay duda alguna que la demandada fué emplazada de la primitiva demanda, que no contestó y que su rebeldía fué anotada. Bajo esas condiciones, el juicio pudo celebrarse en su ausencia y dictarse en contra suya una sentencia enteramente válida.

La cuestión es si habiéndose enmendado la demanda sin notificar a la demandada, pudo dictarse sentencia en su contra.

*Corpus Juris,* al referirse a las enmiendas de las alegaciones en su tratado sobre las sentencias en rebeldía, fija la regla a seguir, así:

"Cuando la demanda se enmienda en alguna materia substancial después de estar el demandado en rebeldía, la enmienda abre el caso en rebeldía, y no puede dictarse sentencia basada en tal rebeldía, a menos que se notifique al demandado y se le entregue copia de la alegación enmendada, dándosele oportunidad de contestar, y entonces deje de hacerlo dentro del tiempo correspondiente. Cuando, sin embargo, la enmienda no se refiere a algo substancial sino a un asunto impertinente o de forma, la notificación o la entrega de copia, no son necesarias para poderse registrar sentencia en rebeldía." 34 C. J. 157.

¿Se trata aquí de enmiendas substanciales? Se varió el carácter con que compareció la demandante Nicolasa Suárez,

en cuanto a uno de los hijos, y se varió la condición de los demandantes y de la demandada, demandando los primeros como hijos de Bruno Lanausse en vez de hijos de Bruno Antonetti y demandándose a la segunda como la sucesión de Bruno Lanausse en vez de como la sucesión de Bruno Antonetti. En cuanto a la primera enmienda nada dice la apelante. Con respecto a parte de la segunda el nervio de su argumentación puede encontrarse en el siguiente párrafo de su alegato:

"Es cierto que la demandada fué emplazada, pero lo fué de una demanda la cual ella no tenía que contestar, para no exponerse innecesariamente a un pleito, ya que ella no componía la sucesión de ningún Bruno Antonetti. Pero, cuando el litigio se varió, planteándose éste en debida forma, cuando ya era necesaria su intervención, ¿cómo podía ella defenderse, si no fué notificada de la demanda enmendada? (Pág. 8 de la trans.) ¿Debo yo exponerme innecesariamente a un pleito donde se alegue que yo compongo la sucesión de mi hermano Juan Sánchez, y se interese la filiación de varias personas que se alegan son sus hijos, cuando yo no tengo ningún hermano de ese nombre? ¿Puede mi silencio en el primer instante interpretarse como que yo no tengo por qué defenderme cuando se presente una demanda enmendada, alegando que yo compongo la sucesión de mi hermano Juan Bahamonde?"

Ni la apelante ni la apelada citan jurisprudencia alguna concreta en relación con enmiendas sobre el nombre de las partes. En el propio tratado sobre sentencias en rebeldía de *Corpus Juris,* encontramos lo que sigue:

"Por regla general, una sentencia en rebeldía sólo puede ir contra aquellas personas que están propiamente designadas o descritas como partes en la demanda, y que han comparecido o se les ha notificado debidamente; y no contra personas que no han sido designadas o descritas, aunque se les haya notificado; ni contra aquellas personas que no se han hecho partes en el asunto.

"Una sentencia en rebeldía debe ir contra el demandado en su nombre real y verdadero, y una sentencia dictada contra una persona que ha sido demandada y notificada bajo un nombre ficticio es irregular, a menos que la demanda se enmiende mediante la inserción del verdadero nombre." 34 C. J. 149 y 150.

Hemos estudiado los casos en que se basa la nota y no encontramos ninguno igual, ni similar siquiera al presente. En uno de ellos, *Kinger* v. *Stroch,* 36 N. E. 519, se cita el de *Vogel* v. *Brown Tp.,* 112 Ind. 299, como sosteniendo que "la regla general es que si se emplaza a la propia parte bajo un nombre erróneo y deja de comparecer a alegar el error, queda afectada por la sentencia dictada en su contra."

Esa regla podría favorecer a la demandante en este caso. Sin embargo, parece lo más seguro bajo las circunstancias, seguir el principio fundamental de procedimiento que exige que las enmiendas substanciales se notifiquen aun a la parte que se encuentra en rebeldía, y aquí el cambio de nombre debe considerarse como una enmienda substancial, ya que la demandada puede alegar con razón que ella nunca fué llamada a responder a la corte como la sucesora de su hermano Bruno Lanausse, conocido por Antonetti. La pureza del procedimiento exige la notificación.

Si la parte demandante en vez de dejar para última hora la preparación de su prueba documental la hubiera tenido lista a tiempo, hubiera podido entrar a juicio con su demanda enmendada y hubiera podido cumplir con el requisito de la notificación sin dificultad.

*Debe revocarse, pues, la sentencia apelada y devolverse el caso a la Corte de Distrito de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*