ARMANDO A. MIRANDA, demandante–apelado–apelante, *v.* JOSÉ
L. PESQUERA, demandado–apelante–apelado. ARMANDO A.
MIRANDA, demandante–apelante–apelado, *v.* JOSÉ L. PES-
QUERA, demandado–apelado–apelante.

Nos. 5619 y 5681.—*Sometidos:* Enero 21, 1932. *Resueltos:* Enero 22, 1932.

*A. A. Miranda* y *R. F. Barbosa,* abogados de los apelantes; *Molina,
Dubón & Ochoteco,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la oipnión del
tribunal.

En este pleito se reclama el pago de honorarios profesio-
nales como abogado y ambas partes han apelado de la sen-
tencia, el demandado por haber sido condenado al pago de
cierta cantidad de dinero y el demandante por no habérsele
concedido toda la cantidad reclamada. El juicio fué seguido
en rebeldía del demandado, quien alega en esta apelación que
la sentencia debe ser revocada porque la demanda no aduce
hechos determinantes de causa de acción por no tener la
alegación esencial de que los servicios cuyo pago se reclama
fueron prestados a instancia del demandado. La demanda
no contiene esa alegación, pero dice el demandante que la
prueba suplió esa omisión y que la demanda debe conside-
rarse como enmendada.

Dicha alegación es realmente esencial en esta clase de
demandas porque establece la relación contractual entre las
partes, y por serlo no quedó suplida por la prueba, ni la

demanda podía ser considerada como enmendada ni podía ser enmendada, pues como dijimos en el caso de *Suárez* v. *Sucesión B. Lanausse,* 42 D.P.R. 347, cuando, estando el demandado en rebeldía, la demanda se enmienda de manera esencial, la enmienda abre el caso en rebeldía y no puede dictarse válidamente una sentencia basada en dicha demanda enmendada a menos que se notifique con copia al demandado dándosele oportunidad de contestar.

*Debe revocarse la sentencia y devolverse el caso a la corte inferior para ulteriores procedimientos.*