Antonio Rivera, demandante y apelado, *v.* Juan J. de Arce, demandado y apelante.

Núm. 7768.—*Sometido:* Abril 27, 1939. *Resuelto:* Mayo 12, 1939.

*A. García Veve,* abogado del apelante; *F. González Fagundo,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En marzo 1, 1938, Antonio Rivera demandó a Juan J. de Arce ante la Corte de Distrito de Humacao pidiendo ser

restablecido en la posesión "de la finca descrita en esta demanda." Basó su acción en los siguientes hechos:

"1. Que el demandante Antonio Rivera dentro del año precedente a la presentación de esta demanda estaba en la posesión real de la siguiente finca:

" 'RÚSTICA: Finca de tres cuerdas colindante por el Norte y por el Este con Valentín de Arce, y por el Oeste y Sur, con Sixto Antonio Rivera.'

"2. Que desde el año 1906 la referida finca ha estado poseída materialmente por Gregorio Brignoni, luego Sixto Antonio Rivera y dentro del año precedente a la presentación de esta demanda por Antonio Rivera.

"3. Que allá por el día 12 de agosto de 1937 el demandado Juan J. de Arce penetró en la finca descrita en el hecho primero de esta demanda y amenazó a las personas encargadas de dicha finca, y el día 20 de agosto de 1937 penetró nuevamente en la finca y puso una cerca en la misma, tomando posesión material de ella y aún está en posesión material, negándose a entregarla al demandante."

El 3 de marzo de 1938, la Corte, de acuerdo con la ley especial sobre la materia—Núm. 43 de mayo 13, 1913, Leyes de ese año, pág. 85—señaló el 18 de marzo de 1938 para la vista, ordenando el emplazamiento del demandado con ocho días de antelación.

Llamado el pleito en el día señalado sólo compareció el demandante. Se procedió a la práctica de la prueba y la Corte se reservó su resolución que dictó cinco días después declarando la demanda con lugar. En su sentencia describió la finca sobre cuya posesión versó el pleito, así:

"RÚSTICA: Finca de 3 cuerdas colindante por el Norte y Este, con Valentín Arce, y por el Oeste y Sur, con Sixto Antonio Rivera. Sita en el barrio Puerto Real de Vieques."

No conforme el demandado, apeló. Sostiene que la corte sentenciadora no adquirió jurisdicción porque el emplazamiento del demandado es nulo, y sostiene además que la demanda no alega hechos suficientes para dar jurisdicción a la Corte y para basar la sentencia porque no describe la finca de modo tal que pueda identificarse.

■ La falta de hechos es tan clara que no necesitamos entrar en el examen del emplazamiento. No se dice en la demanda dónde se encuentra la finca.

En el caso de *Matanzo* v. *Vizcarrondo,* 30 D.P.R. 282, 283, esta corte, por medio de su Juez Asociado Sr. Aldrey, se expresó así:

"Para que las alegaciones de una demanda de interdicto para recobrar la posesión sean suficientes para determinar una causa de acción es necesario que describa la porción de terreno de que ha sido desposeído por el demandado, de modo que pueda dictarse una sentencia de acuerdo con ella y que pueda ser cumplida por el oficial ejecutivo de la corte. Sin tal especificación no podría saber dicho funcionario la porción de terreno cuya posesión debe restituir al demandante. *Del Valle* v. *Rivera,* 23 D.P.R. 634; *Mejía* v. *Suárez,* 27 D.P.R. 317. Tal alegación es también necesaria para que el demandado sepa de qué tiene que defenderse, pues si bien por ser en este caso pequeña la finca y por alegarse que el terreno lo ocupa el demandado con la casa que estaba fabricando pudiera saber el demandado la porción de terreno a que se refiere el demandante, sin embargo la regla debe ser la misma que si se tratara de una finca de gran extensión y de actos que no sean los de fabricar una casa."

Y en el caso de *Rodríguez* v. *Colón,* 44 D.P.R. 458, 459, se reafirmó lo dicho, de suerte que es algo resuelto ya de modo terminante por este tribunal que una demanda de *injunction* para recobrar la posesión que como la presente no describe la finca de modo tal que se sepa dónde está y pueda ser identificada al ejecutarse la sentencia que se dicte, no aduce causa de acción, ni puede por tanto servir de base a una sentencia válida, eficaz.

■ Admite la parte apelada que la descripción de la finca que contiene la demanda no es suficiente, pero sostiene que la evidencia suplió lo que faltaba y la Corte quedó colocada por tanto en condiciones suficientes para dictar como dictó su sentencia describiendo como describió correctamente la finca. Cita los siguientes casos de esta corte en apoyo de su contención: *El Pueblo* v. *Sucesión Valdés,* 31 D.P.R. 223; *Sucn. Franceschi* v. *González,* 42 D.P.R. 944.

Si no se tratara de una sentencia en rebeldía y el demandado hubiera consentido en que la evidencia a que se refiere la parte apelada se practicara, tendría razón dicha parte porque entonces podría considerarse enmendada la demanda y el defecto subsanado por la prueba. Pero como de un juicio celebrado en rebeldía se trata, no pudiendo invocarse el consentimiento del demandado, la deficiencia subsiste y la sentencia fundada en la alegación insuficiente, cae necesariamente por su base por falta de uno de los requisitos esenciales indispensables para dictarla.

La Corte Suprema de Illinois, en el caso de *Roe* v. *Cook County,* 358 Ill. 568, 193 N.E. 472, resolvió que: ''Una sentencia en rebeldía deberá revocarse cuando la demanda no aduce una causa de acción.''

En igual sentido se expresó la Corte de Apelaciones Civiles de Texas en el caso de *Morgan* v. *Davis* (Tex. Civ. App.) 292 S.W. 610. Dijo: ''Para que pueda confirmarse una sentencia en rebeldía, la demanda debe aducir una causa de acción con sustancial exactitud para así informar a la corte de la sentencia que debe dictar sin tener necesidad de buscar prueba fuera de las mismas alegaciones.''

''Si la demanda fuere sustancialmente enmendada, debe la misma notificarse a un demandado en rebeldía'', decidió la Corte Suprema de California en *In Re Wiechers' Estate,* 199 Cal. 523, 250 P. 397.

Y esta propia corte en el caso de *Miranda* v. *Pesquera,* 43 D.P.R. 45, sentó la siguiente doctrina:

''Una demanda en cobro de honorarios profesionales que no alegue que los servicios cuyo pago se reclama fueron prestados a instancia del demandado es insuficiente para dictar sobre ella una sentencia en rebeldía a menos que se enmiende la demanda para incluir tal alegación, notificando al demandado con copia y dándole oportunidad de contestar. Si esto no se hace y el caso se ve en rebeldía, la omisión no queda subsanada por la prueba ni la demanda puede considerarse como enmendada.''

*Por virtud de todo lo expuesto debe revocarse la sentencia recurrida y en su lugar dictarse otra desestimando la demanda, con costas.*