BLANCO ET AL., RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura particional.

No. 423.—Resuelto en diciembre 23, 1919.

CALIFICACIÓN DE TÍTULOS—INSCRIPCIÓN DE DOCUMENTOS—PARTICIÓN DE BIENES—FACULTADES DE LOS REGISTRADORES.—Inscrita anteriormente una partición de bienes en cuanto a determinadas adjudicaciones, no puede negarse posteriormente su inscripción en el mismo registro en cuanto a las restantes participaciones fundándose la negativa en motivos que tuvieron necesariamente que ser considerados al verificarse la anterior inscripción.

ID.—BIENES GANANCIALES.—Aunque la adjudicación hecha en una partición de bienes a favor de un viudo sea hecha algún tiempo después de fallecida su consorte, si tal adjudicación se hace para surtir efecto a partir de una fecha anterior a tal fallecimiento, y en pago de servicios prestados por el esposo en vida de su cónyuge, no hay duda de que la propiedad adjudicada es un bien ganancial.

INSCRIPCIÓN DE HERENCIA—CONTRIBUCIÓN DE HERENCIA—EXENCIÓN DE PAGO DE CONTRIBUCIÓN DE HERENCIA.—Para que pueda inscribirse una herencia es necesario presentar en el registro recibo del pago de la contribución de herencia o documento justificativo de exención.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Don Jacinto Blanco González otorgó testamento el 24 de

julio de 1902 en el que instituyó y nombró por sus únicos y universales herederos a sus cuatro hijos nombrados Cándida, Carmen, Gertrudis y Jacinto, habidos en su matrimonio con Dª. Encarnación Carvajal, entonces difunta. Por escritura de 12 de marzo de 1907, el heredero Jacinto Blanco Carvajal hizo cesión de sus derechos hereditarios en la sucesión de sus padres a favor de don Rafael Arce Rollet y en 12 de julio de 1908 la heredera Dª. Gertrudis otorgó testamento en el que nombró por heredero suyo usufructuario vitalicio a su esposo don Ramón de las Bárcenas Chirino. En 22 de noviembre del mismo año 1908 los herederos de don Jacinto Blanco González hicieron la partición de los bienes de sus padres interviniendo en ella don Rafael Arce Rollet como cesionario de los derechos del heredero don Jacinto Blanco Carvajal y don Ramón de las Bárcenas Chirino como heredero usufructuario de su difunta esposa Dª. Gertrudis Blanco Carvajal. En ella reconocieron un crédito de 1,500 pesos a favor de don Ramón de las Bárcenas Chirino por la administración de los bienes de la herencia de don Jacinto Blanco González para cuyo pago se le adjudicó al folio 21 un condominio por dicha cantidad en la finca que se describe con el número 27 del inventario de bienes y se le adjudicaron en usufructo los bienes que hubieran correspondido a su difunta consorte. Se colacionó por Dª. Gertrudis Blanco Carvajal la cantidad de 1,283 pesos 57 centavos que como deuda fué adjudicada a su heredero usufructuario, y al folio 23 vuelto, bajo el título de "Reconocimiento de propiedad," hicieron constar los otorgantes que la cantidad por ella traída a colación consta incluída en el precio de adquisición de una finca urbana que le entregó el causante, siendo el precio de esa finca de $900 dólares y que los otorgantes en consideración a dicha circunstancia reconocen que dicha finca forma parte del haber hereditario de la mencionada Dª. Gertrudis Blanco Carvajal y consienten en que sea inscrito en el registro de la propiedad del distrito el derecho de dominio de la misma, finca que describen a continuación.

Esa partición de bienes fué inscrita en el Registro ·de la Propiedad de Caguas el 26 de noviembre de 1916 en cuanto a los bienes adjudicados a los herederos Cándida, Carmen, al cesionario don Rafael Arce Rollet y en cuanto a los que se adjudicaron a la sociedad acreedora sucesores de José María Blanco.

Posteriormente don Jacinto Blanco Carvajal otorgó otra escritura de 4 de enero de 1913 en la que ratificó la cesión que había hecho a don Rafael Arce Rollet de su derecho hereditario al efecto de que sea tenido y considerado como único y exclusivo dueño de los derechos que le trasmitió, y aprobó y confirmó en todos sus extremos los particulares de la escritura de división de bienes de sus padres y aceptó y reconoció que los bienes que en ella se adjudicaron a don Rafael Arce Rollet como cesionario suyo han sido y son de la propiedad de éste.

Por otra escritura de 13 de octubre de 1914, don José Martínez Balasquide y don Francisco Martínez Gómez hicieron constar que en unión del párroco don Tonginos Tovar fueron testigos del testamento de don Jacinto Blanco González a quien consideraron con la capacidad suficiente para otorgar testamento, que lo vieron y entendieron y que tenía plena capacidad legal para otorgar dicho testamento, así· como que el otro testigo señor Tovar lo visitó constantemente durante su enfermedad, le aconsejó que hiciera testamento, estuvo presente en él y vió y entendió también al testador.

Muerto don Ramón de las Bárcenas Chirino, heredero usufructuario de Dª. Gertrudis Blanco Carvajal, la Corte de Distrito de Humacao, por resolución de 18 de noviembre de 1918, declaró herederos de ella en cuanto al dominio directo de sus bienes, a sus hermanos Cándida, Carmen y Jacinto Blanco Carvajal.

Estos tres hermanos presentaron los referidos documentos, con otros que no es necesario mencionar ahora, en el Registro de la Propiedad de Caguas con escrito firmado por su mandataria verbal Agustina Ramos en el que solicitaron lo

siguiente: (*a*) La inscripción previa a favor de Dª. Gertrudis Blanco Carvajal de cierta finca que con el título de reconocimiento de propiedad se describe en la escritura de partición de bienes; (*b*) la inscripción, previa también, a favor de los esposos don Ramón de las Bárcenas Chirino y Dª. Gertrudis Blanco Carvajal, con el carácter de bienes gananciales, del condominio en una finca que se describe en la escritura de partición; (*c*) la inscripción del derecho de usufructo vitalicio a favor de don Ramón de las Bárcenas Chirino y el derecho de nuda propiedad a favor de los peticionarios respecto de los bienes que indican, que aparecen adjudicados a don Ramón de las Bárcenas Chirino en pago de su haber como heredero de su esposa; (*d*) que, en último término, se inscriban todos los bienes referidos a nombre de Cándida, Carmen y Jacinto Blanco Carvajal como propietarios absolutos de los mismos a virtud de, por causa del fallecimiento del heredero usufructuario, haberse consolidado hoy en ellos el dominio pleno de tales bienes; inscripciones que no han de llevar otra limitación que en lo referente al condominio de $1,500 dólares de la finca de 120 cuerdas que debe afectar solamente a la mitad de ese crédito, que es a lo que tienen derecho los herederos propietarios de Dª. Gertrudis Blanco Carvajal; y que deben practicarse en común proindiviso y por partes iguales entre los tres mencionados herederos de dicha señora.

El registrador de la propiedad negó las inscripciones que se le pidieron por los motivos que aparecen de la siguiente nota puesta al pié de la escritura de partición y que copiamos:

"Denegada la inscripción del documento que precede que es la escritura de partición de bienes número 241, otorgada en Caguas el 22 de noviembre de 1908 ante el notario Lorenzo Jiménez García, con vista de otros documentos que se acompañan y sólo en cuanto a la finca señalada al folio 23 vuelto de dicha escritura, y las que constan en la misma bajo los números 27 y 39 del inventario, de las cuales únicamente se solicitó inscripción, por los defectos insubsanables siguientes: *Primero.* Porque la escritura de testamento abierto del causante Jacinto Blanco González, otorgado en Aguas

Buenas ante dicho notario bajo número 7 de fecha 24 de julio de 1902, quien manifiesta haberla tenido a la vista como base para el otorgamiento del documento que precede, es nulo, por no expresarse en aquél el requisito esencial dispuesto en el artículo 703 del Código Civil vigente de que los testigos instrumentales vieron y entendieron al testador, cuya omisión, dada la unidad del acto estatuída por el artículo 708 del citado cuerpo legal, en modo alguno puede ser suplida a virtud del acta aclaratoria del referido testamento otorgada bajo número 194 ante el susodicho notario el 12 de octubre de 1914 por dos de dichos testigos instrumentales, pues lejos de contradecir, confirma más bien la existencia del defecto apuntado; no siendo inscribible, por tanto, la ameritada escritura de partición por falta de un testamento válido de donde deriven su derecho los interesados. *Segundo.* Porque no se ha justificado el carácter de heredero que se atribuye a D. Rafael Arce y Rollet en la predicha escritura de partición como cesionario subrogado de don Jacinto Blanco Carvajal, uno de los herederos legítimos del testador Sr. Jacinto Blanco González; y aunque si bien se presenta con objeto de la justificación antes mencionada la escritura número 283, sobre ratificación de una cesión de herencia y de una partición de bienes, otorgada por los dos primeros en 27 de diciembre de 1912 ante el repetido notario, no obstante, dicha escritura es nula por no dar fe el notario del conocimiento personal de los otorgantes, cuya omisión infringe la sección 16 de la Ley Notarial vigente y es causa de la nulidad del documento a virtud de lo que dispone la sección 20 de la misma ley. *Tercero.* Porque admitiendo para el único propósito de la consignación de este defecto, la validez del referido testamento, resulta que de acuerdo con su tenor e importancia se ha prescindido del mismo en la susodicha escritura de partición haciendo concurrir en la misma a don Rafael Arce Rollet persona que no es heredero legítimo, y sí su cedente D. Jacinto Blanco Carvajal cuya personalidad no debió desaparecer y quien debió intervenir en la aludida partición para dar su consentimiento y aprobación a las operaciones particionales practicadas por los otros herederos testamentarios, la omisión de cuyo consentimiento es un defecto que impide la inscripción del documento objeto de esta nota, artículo 1228 del Código Civil; así como también la impide el artículo 20 de la Ley Hipotecaria que dispone la previa inscripción del derecho transmitido a favor de la persona que lo transmite, disposición que no se cumple en este caso, pues se adjudican directamente los bienes a Arce Rollet en vez de haberlos adjudicado al heredero legítimo Blanco Carvajal

a fin de poder dar cumplimiento en el registro a la citada disposición. Y dicho se está que no basta la escritura No. 283 arriba mencionada. para suplir ni acreditar el consentimiento del heredero legítimo, toda vez que es nula por la razón antes consignada. Se expone. además que aun aceptando la validez de esta última escritura, y por ende justificada la capacidad de dicho Sr. Arce Rollet como cesionario de Blanco Carvajal, no pudo aquél suplir el consentimiento necesario de éste en dichas operaciones particionales, ya que a virtud de sentencia dictada por la Corte de Distrito de Humacao el 5 de junio de 1911 confirmada por la Corte Suprema de Puerto Rico, *Morales* v. *Arce,* 13 D. P. R. 545, fué declarado rescindido y nulo el contrato de traspaso de derechos y acciones otorgado por Blanco Carvajal a favor de Arce Rollet por escritura de 12 de marzo de 1907 ante el notario José A. Cajas Machado, la cual se inserta en la referida escritura No. 283, así como también fué declarada nula y sin valor la adjudicación hecha a Arce de los bienes que habían de corresponder a Blanco Carvajal en la escritura de partición ameritada, la cual resulta, por tanto, nula *in toto,* de acuerdo con la jurisprudencia que establece que una escritura de partición es un todo con partes de tal modo trabadas entre sí, que no puede destruirse una parte sin afectar el todo. *Cuarto.* Porque siendo nulo el testamento del causante J. Blanco González, por la razón antes expresada, no es posible practicar la inscripción solicitada a favor de su heredera Gertrudis Blanco Carvajal, de la finca que se describe bajo el título de 'Reconocimiento de propiedad,' al folio 23 vuelto de la escritura de partición de bienes citada, aunque no sea ésta inscribible por adolecer de defectos. *Quinto.* Porque no procede la inscripción con el carácter de bienes gananciales, a favor de los esposos Ramón de las Bárcenas Chirino y Gertrudis Blanco Carvajal, del condominio de la finca marcada con el número 27 del inventario y que se adjudica al primero en la mencionada escritura de partición: (*a*) por ser nulo el testamento mencionado; nula la escritura de partición referida, ambos por las razones expuestas, y (*c*) no constar que se haya practicado la liquidación de la sociedad conyugal de dichas personas con intervención del cónyuge supérstite para depurar si dicho condominio es o no un bien ganancial, no bastando el dicho de los interesados en la partición referente al efecto legal que produce su disposición 5ª. ni el dicho en la solicitud que acompaña al documento presentado firmada por Agustina Ramos en representación de aquéllos, puesto que al cesar la sociedad conyugal no sirve, para determinar cuáles bienes son gananciales, el título mediante el

cual fueron por dicha sociedad adquiridos, sino la liquidación del caudal y consiguientemente la adjudicación de aquello que resultare no pertenecer privativamente a cada uno de los cónyuges. *Sexto.* Porque no procede inscribir el derecho de usufructo vitalicio a favor de Ramón de las Bárcenas Chirino y el derecho de nuda propietodad a favor de Cándida, Carmen y Jacinto Blanco Carvajal, respecto de la finca que se indica al folio 23 vuelto de dicha partición y de las que se señalan con los Nos. 27 y 39 de su inventario, por la razón de que el testamento del cual derivan tales derechos los interesados otorgado en Aguas Buenas por su causante Gertrudis Blanco Carvajal ante el notario Lorenzo Jiménez García en escritura No. 148 de fecha 12 de julio de 1908, es nulo, (*a*) porque dicho notario no da fe del conocimiento personal de la testadora sino que lo hace por la profesión y vecindad de la misma, así como tampoco consigna en el mencionado instrumento que los testigos conocían a la testadora y que la vieron y entendieron, requisitos cuya omisión vicia de nulidad el testamento; (*b*) porque el supuesto heredero entonces de la nuda propiedad Jacinto Blanco Carvajal no concurrió a prestar su consentimiento y aprobación a dichas operaciones particionales, a pesar de haber ocurrido en la fecha del otorgamiento de éstas, el fallecimiento de dicha causante; (*c*) porque en lo concerniente a la inscripción de la finca marcada con el No. 39 del inventario, ésta no se halla inscrita a favor del causante Jacinto Blanco González, por haber desaparecido del registro como finca a virtud de operación practicada en relación con la inscripción de la finca marcada en el predicho inventario bajo el No. 40, y (*d*) porque no se ha presentado el recibo del pago de la contribución sobre herencia de la causante Gertrudis Blanco Carvajal, o el documento justificativo de que el Tesorero de Puerto Rico los había considerado exentos de dicho pago. *Y séptimo.* Porque tanto la solicitud mencionada pidiendo las inscripciones de que se ha hecho mérito, como las tantas veces repetida escritura de partición adolecen del defecto de no estar redactadas con claridad sino de una manera oscura, ambigua y confusa, extremos que no es necesario dar la razón de su por qué ya que los mismos documentos patentemente los muestran. Se hace constar que al hacer esta calificación, se ha tenido en cuanto el hecho de que esta escritura de partición ya ha sido objeto de inscripción practicada por uno de mis antecesores en cuanto a algunas de las fincas que en la misma se expresan; no obstante y a tenor del mandato imperativo del artículo 18 de la Ley Hipotecaria y habida consideración de la responsabilidad de todo linaje que apareja la

falta de su cumplimiento, he calificado *de novo* la susodicha escritura de partición y he apuntado sus defectos que unos nacen de la misma y documentos complementarios y otro del registro; creyendo también que la jurisprudencia recientemente establecida por la Corte Suprema de Puerto Rico relativa a que la inscripción previa de una partición en cuanto a determinada finca obliga al registrador que la practicó y a sus sucesores en cuanto a las restantes por motivos que tuvieren necesariamente que ser considerados al verificarse la inscripción primera, no es absoluta, sino relativa. Y se ha extendido anotación preventiva de esta denegación en lugar de las inscripciones solicitadas, durante el término de 120 días a favor de los interesados Jacinto, Cándida y Carmen Blanco y Carvajal, a los folios 119 y 248 vueltos del tomo 10 de Aguas Buenas y al folio 119 vuelto del tomo 1 de dicho Ayuntamiento, fincas Nos. 283 duplicado, 22 triplicado y 28, anotaciones letras A, respectivamente.''

Como vemos por la nota transcrita, el primero y cuarto motivos de la negativa del registrador se fundan en la nulidad del testamento de don Jacinto Blanco González y el segundo y el tercero en la nulidad de las operaciones particionales de sus bienes, pero como esos documentos fueron presentados en el mismo registro, aunque a distintos funcionarios, y fueron aceptados para la inscripción de las participaciones adjudicadas a los otros partícipes, no puede ahora el registrador negar la inscripción en cuanto a la participación que entonces no se inscribió fundado en motivos que tuvieron necesariamente que ser considerados al verificar la inscripción primera, según hemos resuelto en el caso de *Gerena v. El Registrador de Humacao,* 26 D. P. R. 87, en el que se hizo un detenido estudio de esa cuestión con cita de resoluciones de la Dirección de los Registros de España.

Descartados por la razón dicha esos cuatro motivos, pasaremos a considerar los restantes.

En el quinto motivo sostiene el registrador bajo los apartados *a, b* y *c,* tres fundamentos para negar la inscripción de cierta finca como bien ganancial de don Ramón de las Bárcenas Chirino, pero prescindiremos de los apartados *a* y *b* por la razón antes expuesta, toda vez que se basan en la

nulidad del testamento del señor Blanco González y de la partición de sus bienes y nos limitaremos al apartado *c*, fundado en no constar que se haya practicado la liquidación de la sociedad conyugal del señor Bárcenas para depurar si el expresado inmueble es o no ganancial.

Si bien la escritura de partición de bienes en la que se adjudica al señor Bárcenas un condominio en cierta finca, para pagarle sus servicios como administrador de los bienes dejados por el señor Blanco González se otorgó en 22 de noviembre de 1908, dos meses después del fallecimiento de su esposa, sin embargo, como no solamente por la cláusula quinta de. ella convinieron las partes en que surtiera efecto legal desde el dos de abril del anterior año 1907 en que materialmente fué practicada y se hizo cargo cada partícipe de los bienes que le fueron adjudicados, sino también porque la cualidad de ganancial de esa adquisición resulta claramente de la escritura de partición, que es un documento público en el que figura Bárcenas como otorgante y de él aparece la causa de la adquisición por servicios prestados que tuvieron lugar mientras vivió su esposa, no puede dudarse del carácter ganancial de esa adjudicación sin la intervención de sus herederos.

En el sexto motivo se niega la inscripción del usufructo del señor Bárcenas y de la nuda propiedad a favor de los hermanos de la esposa de aquél, porque el testamento de Dª. Gertrudis Blanco Carvajal es nulo por las varias razones que se enumeran con las letras *a, b, c* y *d*.

Ese testamento fué considerado y admitido anteriormente por el registrador cuando se hicieron las inscripciones de los otros partícipes de la herencia de acuerdo con la partición de bienes en la que intervino el señor Bárcenas como heredero usufructuario de Dª. Gertrudis por lo que prescindiremos de tomar en consideración las razones expuestas con las letras *a.* y *b* y nos concretaremos ahora a los otros dos apartados.   Se funda el *c* en que la finca No. 39 del inventario que forma parte del caudal relicto por el Sr. Blanco Gon-

zález y que se adjudicó a su hija Dª. Gertrudis, no puede inscribirse a nombre de los recurrentes porque no se halla inscrita a favor del causante por haber desaparecido del registro como finca a virtud de operación practicada en relación con la inscripción de la finca marcada en el predicho inventario bajo el No. 40. Para considerar este motivo de negativa observaremos que en el inventario se describió con el No. 28 una finca que los partícipes en la herencia convinieron en dividir en dos fincas que describieron en los Nos. 39 y 40, adjudicando el usufructo de la primera al viudo de Dª. Gertrudis y la segunda a la heredera Dª. Carmen, quien la inscribió a su nombre en el año 1916, de lo que resulta que teniendo el señor Blanco González inscrita la totalidad de la finca no puede deducirse por el hecho de que una mitad haya sido adjudicada e inscrita a favor de Dª. Carmen que haya desaparecido la finca total del registro por virtud de tal inscripción, como sostiene el registrador, y que no sea posible inscribir la otra mitad.

El defecto marcado con la letra D lo encontramos justificado porque tratándose de inscribir la herencia de Dª. Gertrudis Blanco Carvajal debió presentarse en el registro de la propiedad el recibo del pago al Tesorero de Puerto Rico de la contribución sobre ella o de haber sido declarados exentos del mismo porque el artículo 379 del Código Político prohibe a los registradores que inscriban documentos de la naturaleza del que motiva este recurso sin acreditarse ese pago. *Díaz* v. *El Registrador,* 20 D. P. R. 413. *Rieffkohl* v. *El Registrador de Caguas,* resuelto en mayo 19, 1919, (pág. 369). Esto lo aceptan los recurrentes.

El séptimo y último de los motivos consignados al pie de la escritura de partición de bienes no necesita mayor consideración porque exponiéndose en él como una conclusión que la solicitud de inscripción y la escritura de partición están redactadas de manera ambigua, oscura y confusa, sin expresarse el por qué de esas conclusiones, no hay margen para considerar este motivo, mucho más si se tiene en cuenta

que no observamos que tales documentos adolezcan de esos defectos.

También el registrador denegó en seis de marzo de 1919 la anotación marginal de consolidación del usufructo como propiedad, por muerte del usufructuario señor Bárcenas, según nota puesta al pie de la declaratoria de herederos abintestato de Dª. Gertrudis, en cuanto al dominio directo de sus bienes ''por no aparecer inscrito el derecho de usufructo en favor del usufructuario don Ramón de las Bárcenas Chirino, ni tampoco la nuda propiedad en favor de los herederos Cándida, Carmen y Jacinto Blanco Carvajal.''

Aunque alegan los recurrentes que no han solicitado la inscripción del usufructo y que por los documentos presentados el registrador pudo, por virtud del fallecimiento del usufructuario, inscribir la propiedad absoluta a favor de los herederos de Dª. Gertrudis, sin embargo, en los apartados *c* y *d* de la solicitud que presentaron al registrador por su mandataria verbal aparece que pidieron la inscripción de dicho usufructo y del derecho de nuda propiedad, y, además, la inscripción a favor de éstos como propietarios absolutos por consolidación del dominio pleno por la muerte del señor Bárcenas. En atención a esto y habiendo negado el registrador las inscripciones de usufructo y de nuda propiedad, estuvo justificado al negarse a hacer la anotación de consolidación del dominio.

Por las razones expuestas, la nota recurrida de 6 de marzo de 1919 puesta al pie de la partición de bienes de don Jacinto Blanco González debe ser revocada en cuanto niega las inscripciones que fueron solicitadas bajo las letras *a* y *b* a las cuales no afecta el motivo de no haberse presentado el recibo de pago de la contribución sobre la herencia de Dª. Gertrudis Blanco Carvajal o el documento justificativo de que esa herencia está exenta de dicho pago, debiendo, por tanto, llevarse a efecto dichas inscripciones; y debe confirmarse por ese único motivo la misma nota denegatoria en

cuanto a las inscripciones solicitadas bajo las letras *c* y *d*, confirmando también la nota de igual fecha puesta al pie de la declaratoria de herederos de Dª. Gertrudis Blanco Carvajal.

>       *Confirmada en parte y en parte revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.