APONTE, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura sobre partición de herencia.

No. 516.—Resuelto en junio 12, 1922.

PARTICIÓN DE HERENCIA—CAPACIDAD—VENTA DE BIENES DE MENORES—EMANCIPA-CIÓN POR MATRIMONIO.—Como en una partición de bienes lo que se liquida es una comunidad hereditaria y la adjudicación y distribución que se hace en la misma de esos bienes implican verdaderas enajenaciones, no es inscribible una partición en la que una heredera menor de edad, pero emancipada por el matrimonio, estuvo representada por su esposo y no por la persona a que se refiere el artículo 307 del Código Civil; y tal vicio de nulidad no se convalida con la presentación de una escritura de carta de pago en la cual la heredera se limita a confesarse pagada del importe de las adjudicaciones que se le hicieran en la partición.

ID.—BIENES GANANCIALES—INSCRIPCIÓN PREVIA.—En el presente caso se trataba de distribuir entre los herederos de Alejandrina Sánchez Rodríguez dos fincas inscritas a nombre de Sebastián Aponte Rotger, adquiridas por éste bajo el estado civil de casado sin que la inscripción expresara el nombre de la esposa. *Se resolvió:* que para que las adjudicaciones pudieran inscribirse sin infringir el artículo 20 de la Ley Hipotecaria era necesario acreditar que al adquirir las fincas Sebastián Aponte estaba casado con Alejandrina Sánchez Rodríguez a cuyo fin la mejor prueba sería la certificación del matrimonio contraído por ambos.

No. 516.—Resuelto en reconsideración en julio 24, 1922; y noviembre 14, 1922.

RECURSO GUBERNATIVO.—En la decisión de un recurso gubernativo no pueden prejuzgarse cuestiones que pudieran ser objeto de materias contenciosas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. R. Arce.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En el presente caso se presentó en el Registro de la Pro-

piedad de Caguas la escritura No. 6, de fecha 23 de febrero de 1907, otorgada en Humacao ante el notario Ulpiano Valdés Cajas, acompañándose además, como complementarios de dicha escritura, otros documentos con objeto de que se inscribiera a nombre de Sebastián Aponte Rotger y de Rafael, Octavio, Micaela y Cándida Aponte Sánchez las adjudicaciones de ciertos condominios que se les adjudicó en las operaciones de partición de los bienes relictos al fallecimiento de Alejandrina Sánchez Rodríguez y con referencia a las fincas descritas en el inventario con los números 9 y 12.

El registrador denegó las inscripciones solicitadas, poniendo al pie de la escritura la siguiente nota:

"DENEGADA la inscripción a que se refiere el precedente documento, que es la escritura de protocolización número 6, otorgada en Humacao el 23 de febrero de 1907, ante el notario don Ulpiano Valdés Cajas, con vista de otros documentos, por lo que respecta a las fincas descritas en el inventario con los números 9 y 12, únicas de que se ha solicitado inscripción, por las razones siguientes: Primero: por observar que dicha partición y adjudicación de bienes es nula por adolecer del defecto insubsanable de no estar debida y legalmente representada la heredera Cándida Aponte Sánchez de acuerdo con lo preceptuado en el artículo 307 del Código Civil, habiendo estado representada en dichas operaciones de partición y adjudicación de bienes la citada heredera Cándida Aponte Sánchez, que según dicha escritura era menor de edad pero emancipada por el matrimonio por su esposo Modesto Aponte Hernández, no estando dicho representante capacitado legalmente para concurrir a dicho otorgamiento de acuerdo con lo prescrito por el artículo 307 y 282 en su párrafo 7º. del Código Civil y faltando por tanto el consentimiento de uno de los herederos interesados en la partición, la omisión de cuyo consentimiento impide la inscripción del presente documento, de acuerdo con el artículo 1228 del Código Civil y de la jurisprudencia que establece que una escritura de partición es un todo en partes de tal modo trabadas entre sí, que no puede destruirse una parte sin afectar el todo. Sin que los documentos que se acompañan como complementarios y el escrito del mandatario verbal sean suficientes para desvirtuar el defecto insubsanable consignado. Segundo: por observar también que de las inscripciones a favor de don Sebastián Aponte

de las fincas que fueron agrupadas formando la finca rústica descrita en el inventario bajo el número 9 ni de las inscripciones de la finca urbana descrita en el inventario bajo el número 12 no consta el nombre de la esposa de dicho señor Aponte; y haciéndose constar en esta escritura al hacerse las adjudicaciones a dicho señor Aponte que éste estaba casado en terceras nupcias, y habiéndose practicado la agrupación de las varias fincas que forman la referida finca rústica, así como también la rectificación de descripción de la finca urbana también referida por la escritura número 23 de fecha 25 de marzo de 1921, ante el notario don Rafael Arce Rollet, en cuya escritura comparece el mismo señor Sebastián Aponte, casado, sin que tampoco conste el nombre de la esposa, y no habiéndose presentado documento alguno justificativo de que las fincas que se tratan de distribuir entre los herederos de doña Alejandrina Sánchez y Rodríguez fueran adquiridas por don Sebastián Aponte en constante matrimonio con dicha Alejandrina Sánchez, la falta de acreditar dicho extremo impide también la inscripción de este documento por infringir lo dispuesto en el artículo 20 de la Ley Hipotecaria; * * * con el defecto subsanable de no acreditarse con documento alguno el carácter de don Eladio Sánchez Taboada como defensor legal de los citados menores."

No conforme con la nota del registrador, el recurrente ha establecido el presente recurso que pende ante nos para su consideración y resolución.

El primer motivo de la nota denegatoria descansa en diversas razones legales.

En la escritura de partición de que se ha hecho mérito, se expone que Modesto Aponte y Hernández, mayor de edad, comparece en representación de su legítima esposa, menor de edad, pero emancipada de la *patria potestad* por haber contraído matrimonio. El registrador sostiene que la comparecencia de la menor Cándida Aponte Sánchez hecha en tal forma no tiene validez legal por no haber asistido personalmente al otorgamiento de la escritura y no haber estado representada de acuerdo con la ley.

En una partición de bienes lo que se liquida es una comunidad hereditaria y la adjudicación y distribución que se

hace en la misma de esos bienes implican verdaderas ena-
jenaciones.    Siendo esto así, es de aplicación lo que deter-
mina el artículo 307 del Código Civil Revisado, que dice:

\*    "Artículo 307.—La emancipación habilita al menor para regir
su persona y bienes como si fuera mayor; pero hasta que llegare a
la mayor edad no podrá el emancipado contraer promesa u obliga-
ción alguna que exceda del importe de sus rentas por un año.    Tam-
poco podrá gravar ni vender bienes inmuebles suyos sin consenti-
miento de su padre, en defecto de éste, sin el de su madre, y, en
su caso, sin el de su tutor.

"Tampoco podrá comparecer en juicio sin la asistencia de dichas
personas."

La menor Cándida Aponte Sánchez, aunque emancipada
por el matrimonio, tenía que haber estado representada en
la escritura de partición por las personas que designa la ley.
No es el esposo de dicha menor quien podía representarla
en las operaciones divisorias objeto de este recurso, y claro
es que al hacerlo así actuó ilegalmente y eso hacía nula la
escritura de partición en sus efectos legales.    Pero el recu-
rrente alega que el defecto que acabamos de reseñar quedó
subsanado explícitamente por las escrituras de fechas 6 de
febrero de 1905 y 25 de marzo de 1921.    Por la primera
alega el recurrente que Cándida Aponte Sánchez ratificó y
aprobó la escritura de partición, y por la segunda, su es-
poso Modesto Aponte Hernández asimismo ratifica y aclara
dicha partición.    No tenemos que insistir en el examen de
esta segunda escritura porque no tiene ningún valor legal
tratándose de bienes privativos de la esposa del otorgante.
Este último, en todo caso, habiendo su esposa llegado a la
mayor edad, había de acreditar un poder o mandato para
hacerlo.    En cuanto a la primera, de 6 de febrero de 1905,
copiemos sus cláusulas 2ª. y 3ª., que dicen:

"SEGUNDO: Que practicadas las indicadas operaciones, correspon-
dió a la compareciente, por su legítima materna, la cantidad de seis-
cientos diez y ocho dollars, con ochenta y tres centavos, cuya can-

tidad en distintas épocas y partidas, tiene recibida a su satisfacción, de su mencionado padre señor Aponte Rotger.

"TERCERO: Que para garantir a su señor padre, de la entrega del importe de su legítima materna, y relevarlo en lo sucesivo de cualquier obligación, otorga a su favor la más eficaz carta de pago por la cantidad de seiscientos diez y ocho dollars, con ochenta y tres centavos, importe de su legítima materna, por ser realmente cierto, tener recibido, antes de este acto, a su satisfacción la mencionada cantidad de manos de su padre don Sebastián Aponte y Rotger."

Según las cláusulas precedentes, Cándida Aponte y Sánchez confiesa haber recibido de su padre Sebastián Aponte y Rotger la cantidad de $618.83, procedente de las operaciones de partición al fallecimiento de su madre Alejandrina Sánchez y otorga al primero carta de pago por la cantidad recibida como legítima materna. Esta escritura de carta de pago fué otorgada el 6 de febrero de 1905, y el acta de protocolización se había otorgado el 20 de febrero de 1907, o sea, dos años después. No es exacto, por consiguiente, como alega el recurrente, que la escritura de partición hubiera sido ratificada y convalidada por una escritura que se había otorgado con anterioridad a dicha partición. Esto implica una imposibilidad física. Parece que lo que ha querido decir el recurrente es que como Cándida Aponte y Sánchez se dió por recibida de cierta cantidad de dinero imputándole a su legítima materna, que esta confesión surtiría efectos posteriores en la partición que se protocolizó más luego y que subsanaría los vicios de nulidad que afectaban a dicha partición por la falta de representación legal de la misma interesada. Sin embargo, no creemos que se haya obtenido el objeto deseado. En la partición no se le adjudicaron a Cándida Aponte sumas de dinero sino que se le adjudicaron ciertos condominios en bienes inmuebles. En estas condiciones la escritura de carta de pago era deficiente porque ni en la misma se enajenan de algún modo los condominios ni se hace en términos claros y precisos una cesión de derechos y acciones de los derechos de Cándida Aponte en la

herencia de su madre, ni como consecuencia se hace una ratificación expresa del acta de protocolización conteniendo las operaciones particionales.

El segundo defecto que refiere el registrador en su nota infringe el artículo 20 de la Ley Hipotecaria. Alega el registrador que de un examen practicado en los libros del registro resulta que las adquisiciones de los bienes que se tratan de distribuir entre los herederos de Alejandrina Sánchez han sido hechas por Sebastián Aponte Rotger, de estado casado, sin que se haya acreditado con quién estaba casado en las fechas de las respectivas adquisiciones. Si alguna duda tuviera el recurrente sobre esa afirmación del registrador, ya que dicho recurrente sostiene lo contrario, hubiera sido fácil para él haber traído al récord una certificación de los asientos del registro relativos a los bienes cuya inscripción solicita. En la escritura de partición ha podido aclararse el carácter de tales bienes, pero lejos de hacerse así en la misma comparece Sebastián Aponte Rotger como casado en segundas nupcias, y ésto viene indudablemente a justificar la calificación del registrador al entender que no pueden considerarse dichos bienes como gananciales del primer matrimonio contraído con Alejandrina Sánchez. No obstante, el recurrente trata de demostrarlo con la presentación de los dos documentos siguientes: el primer documento es un testimonio sobre rectificación de descripción de finca urbana y agrupación de terrenos. Este documento, aún refiriéndose a los mismos bienes, tiene nota, según el registrador, de haberse inscrito con el defecto subsanable de no constar el nombre de la esposa del otorgante Sebastián Aponte Rotger. A tal documento, que fué otorgado el 25 de marzo de 1921, no podemos darle importancia alguna para aclarar la escritura de partición en cuanto a los bienes que se distribuyen entre los herederos de Alejandrina Sánchez, toda vez que en dicha escritura de agrupación de terrenos sólo concurre el cónyuge viudo Sebastián Aponte Rotger sin el

concurso y consentimiento de los demás condueños o herederos. El segundo documento presentado, como complementario, para probar el mismo extremo que el anterior, es la partida de bautismo de Cándida Aponte y Sánchez, que nació el 3 de octubre de 1883. Se intenta probar con esa partida el matrimonio de Sebastián Aponte Rotger y Alejandrina Sánchez, y se hace el razonamiento por el recurrente de que habiendo tenido efecto la adquisición de los bienes en épocas posteriores al nacimiento de la hija legítima Cándida Aponte Sánchez y anteriores a la defunción de la causante Alejandrina Sánchez, la conclusión era de que tales adquisiciones tuvieron lugar durante el régimen de gananciales de los esposos Aponte y Sánchez. De manera que la existencia del matrimonio se trata de dejar establecida por una prueba secundaria e indirecta, o sea, probándose otro extremo distinto, que aunque verdadero, no demuestra el hecho del matrimonio de un modo concluyente. La mejor prueba que debió haberse aportado era la partida misma del matrimonio, y ésta no aparece en el récord ni tampoco el recurrente explica los motivos de no haberse aportado como prueba. En tales condiciones, y no apareciendo del registro que los bienes objeto de la partición estén inscritos privativamente a nombre de Alejandrina Sánchez ni de una manera clara y sin sujeción a dudas a nombre de la sociedad de gananciales que constituyeron por el matrimonio el recurrente y Alejandrina Sánchez, la consecuencia es que no pueden inscribirse dichos bienes a nombre de los herederos de la última sin infringir el artículo 20 de la Ley Hipotecaria.

Asimismo creemos fundado el defecto subsanable que señala el registrador en su nota por el motivo consignado en la misma.

La nota debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.

RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE JULIO 24, 1922.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En este caso, después de dictada nuestra resolución de junio 12, 1922, confirmando la nota del registrador, se ha presentado por el recurrente una moción solicitando, por las razones que se consignan en la misma, se reconsidere nuestra resolución en término de que puedan practicarse las inscripciones, bien con los defectos subsanables que acepta el recurrente de los documentos a que afecta la nota denegatoria del registrador.

Después de un estudio cuidadoso de las razones que se alegan en la moción, no vemos que se haya sometido a nuestra consideración ningún otro punto legal que no hayamos resuelto en nuestra decisión anterior. Solamente el recurrente hace mención de que cuando se formalizó la partición de bienes Cándida Aponte Sánchez tenía veinte años de edad y que desde entonces acá han transcurrido unos diez y nueve años sin que durante ese tiempo se dedujera la acción de nulidad del contrato o la de rescisión; y que expirado el término que la ley concedía para ejercitar una u otra acción, la partición de bienes objeto del recurso ha quedado firme. Se dice además por el recurrente que esta cuestión fué planteada en el alegato inicial, sin que aparezca resuelto en la opinión de esta corte sosteniendo su resolución. Sin embargo, no habíamos creído necesario ni conveniente entrar en la consideración de esa cuestión en virtud de las demás razones en que se ha fundado la decisión de esta corte, pero ahora diremos que no creemos que tal cuestión deba ser resuelta en un recurso gubernativo prejuzgando así una materia que puede ser de carácter contencioso entre partes interesadas.

Por las anteriores razones, no ha lugar a la reconsideración que se solicita.

*Denegada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.

RESOLUCIÓN DE NOVIEMBRE 14, 1922.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En este caso se ha presentado una moción en la que se solicita por el recurrente la aclaración o enmienda de ciertos extremos de la opinión con el fin de que la parte interesada pueda ejercitar la acción legal que proceda, en pleito ordinario, en conexión con la nota recurrida y confirmada por esta corte.

Las dos primeras aclaraciones se refieren a los efectos que tuviera la carta de pago otorgada por Cándida Aponte Sánchez el 6 de junio de 1905, en las operaciones de partición que se practicaron el 29 de octubre de 1903, se aprobaron por la Corte de Distrito de Humacao en 26 de abril de 1906 y fueron protocoladas en 23 de febrero de 1907. Por el anterior orden de fechas, se puede observar sencillamente, que realmente la escritura titulada "carta de pago," otorgada por Cándida Aponte y Sánchez en junio 6 de 1905, hace referencia al documento privado en que se practicaron las operaciones de partición, y no al acta de protocolización de las mismas, pero como la validez legal de tales operaciones, en las que intervenían menores, dependía de la aprobación de la corte y su protocolización, en este sentido es que se expresaba nuestro pensamiento el referirnos a que se intentaba convalidar un documento cuyo valor legal dependía de la aprobación judicial, la que se verificó con posterioridad a la fecha del citado documento titulado "carta de pago," y anterior éste en mucho a la protocolización de la partición; todo lo cual siempre nos conduciría, más o menos, al comentario de los dos párrafos que copia el recu-

rrente de nuestra opinión de 24 de junio de 1922, y la que, en tal forma, se deja aclarada.

No tenemos objeción que hacer respecto que se exprese para aclarar el tercer párrafo que se copia en la moción, que en la partición se adjudicaron a Cándida Aponte y Sánchez, según resulta de su hijuela, los siguientes bienes:

"1. Tres bueyes valorados en ciento veinte y un dollars ochenta y siete centavos_____ $121.87

"2. Dos sextas partes de la finca urbana radicada en el pueblo de San Lorenzo, descrita en el número 12 del inventario valorada toda ella en mil doscientos dollars, correspondiendo por tanto a esta heredera por sus dos sextas partes la cantidad de cuatrocientos dollars_____ 400.00

"3. En efectivo_____ 96.96

"Total _____ $618.83"

No creemos que la relación de los anteriores bienes varíe la esencia de nuestro comentario, porque queda subsistente el hecho de que se habían adjudicado a Cándida Aponte y Sánchez ciertos condominios.

La última enmienda queda aclarada en el sentido de que la escritura de 25 de marzo de 1921, por sí sola, no tiene importancia alguna para aclarar, por las razones expresadas en la opinión, el carácter de gananciales de los bienes que se distribuyen entre los herederos de Alejandrina Sánchez.

En la forma que antecede debe resolverse la moción sometida.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.