Estados Unidos de América, recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

Núm. 1115.—*Sometido:* Diciembre 18, 1942. *Resuelto:* Enero 15, 1943.

*Walter L. Newsom, Jr., Auxiliar Especial del Procurador General,* y *Antonio Riera, Fiscal Especial,* abogados del recurrente; el registrador sustituto recurrido compareció por escrito.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La nota del registrador de la propiedad recurrida en este caso, dice:

"Con vista de la declaratoria de herederos de don Eladio Burgos, se ha denegado la inscripción de la precedente carta de pago y se ha tomado la correspondiente anotación de la negativa . . . por los motivos siguientes: no se acompaña el correspondiente recibo de la contribución de herencia, que es indispensable, con arreglo al artículo 12 de la Ley núm. 20 de 1933 sobre pago de contribución de herencia y la sección 2 de dicha Ley, según quedó enmendada por la Ley núm. 72 de 1936; no siendo aplicable en este caso la disposición de la Ley núm. 82 de 1937, porque la carta de pago no fué necesaria ni

complementaria para realizar la venta, sino que es un documento que extingue el crédito reconocido por los Estados Unidos de América a favor del vendedor Eladio Burgos, y que por fallecimiento de éste, se satisfizo directamente a sus herederos, quienes lo recibieron con carácter de herencia, cuando ya la venta estaba consumada a favor de Estados Unidos de América.''

La cuestión a resolver es, pues, la de si el caso está o no comprendido dentro de los términos de la Ley núm. 82, 1937, pág. 223, para permitir la inscripción de fincas a favor de la Puerto Rico Reconstruction Administration sin acreditar el previo pago de la contribución sobre herencia y para liberar dichas fincas del gravamen por dicho tributo y para otros fines.

■■ La regla es que ningún registrador inscribirá instrumento ni fallo, sentencia o auto judicial algunos en relación con la división, distribución o entrega de bienes a virtud de herencia, sin que se le presente el recibo de haberse pagado la contribución que en tales casos impone la ley. Ley Núm. 20, 1933 (Leyes de 1932–33), págs. 233 y 235.

Y la excepción que

"En todos aquellos casos en que se haya concertado convenio de rehabilitación con la Puerto Rico Reconstruction Administration a virtud del cual se ha de vender a dicha agencia federal todo o parte de una finca rústica sujeta a contribución sobre transmisión de bienes por herencia, se podrán tramitar los procedimientos judiciales y otorgar los instrumentos públicos necesarios a la realización de dicha venta y se inscribirá en el registro de la propiedad el título así adquirido por la Puerto Rico Reconstruction Administration junto con sus documentos complementarios, sin acreditar previamente el pago de dicha contribución; *Disponiéndose,* que los bienes inmuebles que en esta forma sean vendidos a la Puerto Rico Reconstruction Administration quedarán liberados del gravamen por el referido tributo desde la fecha de la venta, recayendo la obligación sobre el remanente de la herencia.'' Ley núm. 82, 1937 (Leyes de 1936–37), pág. 223.

Tales las leyes aplicables. Veamos cuáles son los hechos y las circunstancias que concurren.

El 19 de junio de 1937 Eladio Burgos y su esposa Eze-
quiela González vendieron una parcela de terreno de quince
cuerdas situada en el barrio de Cacao del municipio de Oro-
covis, por el precio de ciento cincuenta y seis dólares sesenta
centavos que habrían de efectuar los Estados Unidos de
América, sus sucesores o cesionarios, a través de la Puerto
Rico Reconstruction Administration, una entidad del Go-
bierno de los Estados Unidos de América establecida por
virtud de la Orden Ejecutiva núm. 7057 de 28 de mayo de
1935, proclamada por el Presidente de los Estados Unidos
de América de acuerdo con la Ley sobre Asignación para
Medidas de Emergencia de abril 8, 1935, cuando los Estados
Unidos de América, sus sucesores o cesionarios, adquirieran
un título de dominio sobre la misma, libre de carga, grava-
men, defecto, mención o reserva de cualquier naturaleza,
satisfactorio al Procurador General de los Estados Unidos
de América o al Asesor Legal General de la Puerto Rico
Reconstruction Administration. La escritura pública conten-
tiva del contrato se inscribió en el registro de la propiedad
de Ponce el 11 de agosto de 1937.

La parcela vendida se segregó de una finca mayor que
estaba sujeta a varios gravámenes y mientras se tramitaba
la cancelación de los mismos, ocurrió el fallecimiento del
vendedor Eladio Burgos, recurriéndose entonces a la corte
de justicia competente pidiéndosele que hiciera como hizo la
declaratoria de sus herederos.

Cuando todo estuvo ultimado, el 26 de agosto de 1942,
comparecieron ante notario los vendedores—Eladio Burgos
sustituído por sus herederos—y otorgaron la escritura de
carta de pago que el registrador se negó a inscribir.

A nuestro juicio los hechos y circunstancias que concurren
colocan el caso dentro de la excepción.

Si bien es cierto que la venta quedó perfeccionada antes
de ocurrir el fallecimiento del vendedor Eladio Burgos, lo
es también que su precio quedó aplazado y no se satisfizo
hasta después de ocurrido el fallecimiento. El compra-

dor tenía la obligación de pagar el precio, constituyendo dicho pago no un acto extraño a la transacción primitiva sí que el complemento de la misma. Y lo que consta de la escritura de carta de pago y lo que se pidió que se inscribiera en el registro es que el pago se verificó de acuerdo con los términos del contrato, a fin de que el registro hablando por sí mismo exprese que éste quedó debidamente ultimado. Se trata a nuestro juicio de la inscripción de uno de los documentos complementarios prevista por la propia Ley núm. 82, 1937, pág. 223.

La circunstancia de que el precio de la venta fuera recibido por los herederos del vendedor y no por éste, no coloca el caso fuera del alcance de la ley. Aunque hubieran sido los propios herederos los que hubieran vendido la parcela adquirida por ellos a virtud de herencia, no hubieran tenido necesidad de acreditar el previo pago de la contribución para que la inscripción hubiera podido verificarse. El propósito de la ley fué despejar el campo por completo en esta clase de transacciones, a fin de que la agencia federal pudiera adquirir títulos eficaces sin dificultad. Y negar ahora la inscripción de un documento necesario para perfeccionar la inscripción básica de la venta, sería contrariar la voluntad legislativa.

*La nota debe revocarse y ordenarse la inscripción solicitada.*