ANA, EUSEBIA, ALTAGRACIA, ALEJANDRO y CARLINA RUIZ VALENTÍN, demandantes y apelados, *v.* RAMÓN RUIZ VALENTÍN, demandado y apelante.

Número 10794.

*Sometido:* 15 de enero de 1953. *Resuelto:* 29 de enero de 1953.

*José C. Jusino,* abogado del apelante; *José E. Díaz,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En la antigua Corte de Distrito de Bayamón Ana Ruiz Valentín y sus hermanos Alejandro, Eusebia, Altagracia y Carlina Ruiz Valentín presentaron una demanda de División de Comunidad contra su otro hermano Ramón Ruiz Valentín, alegando que una finca rústica situada en Vega Baja pertenece a los demandantes y al demandado por herencia intestada de sus padres, quienes fallecieron el 5 de enero de 1945 y el 6 de enero de 1949, dejando a sus hijos, los hermanos Ruiz Valentín, como sus únicos y universales herederos, habiendo éstos aceptado la herencia; que, dada su naturaleza y extensión, la finca es esencialmente indivisible y los condueños no habían podido convenir en que ella se adjudicase a uno de ellos, "previo el pago de las participaciones a los demás" y que los demandantes habían requerido al demandado para que se realizase la venta de la finca rústica y repartir su producto entre los condueños, y el demandado se ha negado a ello. Solicitaron los demandantes en la súplica de la demanda que la corte ordenase la venta en pública subasta de la finca ya mencionada, por un precio fijado justo y razonable, debiéndose distribuir el producto de la venta entre los demandantes y el demandado.

El demandado interpuso una moción de desestimación alegando que la demanda "no aduce hechos constitutivos de una causa de acción." El tribunal a quo declaró sin lugar esa

moción y le concedió diez días al demandado para hacer nuevas alegaciones, pero el demandado no radicó alegación alguna posterior, por lo que se le anotó su rebeldía. Se celebró la vista del caso, en rebeldía, habiendo los demandantes presentado prueba y no habiendo comparecido el demandado. En dicha vista los demandantes presentaron prueba documental con respecto al *status* de los demandantes y del demandado como hijos y herederos de sus finados padres, y con respecto a su título sobre la finca. Como único testigo declaró Hilario Reyes, quien informó sobre el *status* de las partes y el fallecimiento de los padres, quienes, según el testigo, dejaron al morir la finca indicada. El testigo declaró que el demandado estaba en posesión de la finca, usándola y disfrutándola desde hacía tres o cuatro años y que los demandantes habían requerido de él que vendiese la finca, habiéndose negado a ello el demandado.

El tribunal de Bayamón declaró con lugar la demanda y dictó sentencia ordenando la venta de la finca en pública subasta, fijando como tipo mínimo la cantidad de tres mil dólares, a ser repartida, por partes iguales, entre los demandantes y el demandado, "luego de deducir las costas, gastos y desembolsos que originen este procedimiento y la suma de ciento cincuenta dólares para los honorarios del abogado de los demandantes."

De esa sentencia ha apelado el demandado para ante este Tribunal y ha señalado los siguientes dos errores:

"Primer Error: El extinguido (sic) Tribunal de Distrito Judicial de Bayamón ha cometido manifiesto error al declarar sin lugar la moción para desestimar la demanda porque la misma no aduce hechos suficientes que determinen una causa de acción.

"Segundo Error: El tribunal cometió error al estimar que la prueba practicada lo facultaba para ordenar como ordenó la venta en pública subasta de la finca en cuestión y que los condueños se dividan su producto por partes iguales previo pago de costas y honorarios de abogado."

Lo que alega el apelante, en síntesis, es que se ordenó la venta en pública subasta de la finca concernida sin haberse

alegado, ni probado, el cumplimiento de los requisitos previos a una partición de herencia, tales como el pago o afianzamiento de los posibles acreedores de los causantes de las partes y de la masa hereditaria y el pago previo de la contribución de herencia o sobre adquisiciones hereditarias. Tiene razón el apelante. Veamos.

 Los condóminos en este caso adquirieron sus derechos sobre la finca por herencia intestada de sus padres. La comunidad que se pretende disolver mediante una venta en pública subasta fué formada en virtud de adquisiciones hereditarias. Los hermanos Ruiz Valentín son condueños en su carácter de herederos. Siendo ello así, la división o disolución de la comunidad debe gobernarse por las reglas aplicables a una partición de herencia. El artículo 340 de nuestro Código Civil dispone lo siguiente:

"*Artículo* 340.—Serán aplicables a la división entre los partícipes en la comunidad, las reglas concernientes a la división de la herencia."

El artículo 1012 del mismo cuerpo legal lee así:

"*Artículo* 1012.—Cuando los herederos mayores de edad no se entendieren sobre el modo de hacer la partición, quedará a salvo su derecho para que lo ejerciten en la forma prevenida en los preceptos sobre procedimientos legales especiales."

En una partición como la aquí interesada lo que se liquida es una comunidad hereditaria *(Aponte* v. *Registrador*, 30 D.P.R. 785), y las reglas sobre partición de herencias deben ser aplicables a la división o disolución de una comunidad originada en adquisiciones hereditarias, especialmente en cuanto a la forma de hacer la división o efectuar la disolución. *Saurí* v. *Saurí*, 39 D.P.R. 511, 522; 3 Manresa 494, 500, 6ta. ed., Sentencia del Tribunal Supremo de España de 14 de junio de 1895.

En *Lassús* v. *Ducret*, 26 D. P. R. 390, se trataba de una acción de división de una comunidad hereditaria instada por unos herederos. Se dijo lo siguiente, a la página 392:

"Bajo la teoría establecida por los mismos demandantes y apelantes las alegaciones de la demanda no determinan la acción 'communi dividundo' sino la de división de herencia, y esta acción en un caso como el presente debe ejercitarse con arreglo a la Ley de Procedimientos Legales Especiales de 1905."

Es adecuado el procedimiento de jurisdicción voluntaria con arreglo a la Ley de Procedimientos Legales Especiales, —cuando los herederos condueños mayores de edad no se ponen de acuerdo en cuanto a la forma de hacer la división pero sí están de acuerdo en cuanto a la venta de la propiedad. *Rivera* v. *Corte*, 68 D. P. R. 673, 676. De todos modos, aún asumiendo que, de promoverse alguna cuestión entre las partes, dando lugar a un caso contencioso, sea procedente la acción ordinaria de división de una comunidad *(Rivera* v. *Corte*, supra), en esa acción deben quedar salvaguardados y protegidos los derechos e intereses del erario público y de los posibles acreedores del caudal hereditario.

Ahora bien, en el caso de autos no se formuló alegación alguna en la demanda en cuanto a la existencia o ausencia de acreedores del caudal hereditario o si, de haberlos, tales acreedores habían sido pagados o afianzados. Tampoco hubo prueba alguna sobre tales extremos en el juicio celebrado en rebeldía del demandado.

Tal como se indica en *Cautiño, Ex parte; Sucn. Llera, etc., Opositores,* 51 D.P.R. 475, 483, preferente es el derecho de los acreedores al de los herederos, y primero es pagar que heredar. Hasta tanto no se satisfaga el total de las deudas del caudal hereditario, los herederos no tienen derecho alguno preferente a parte alguna de la herencia. Tal como se sigue indicando en el caso citado, los herederos tiene el derecho a dividir la herencia, pero siempre que queden salvaguardados, mediante pago o afianzamiento, los derechos de los acreedores en la forma dispuesta por el artículo 1035 del Código Civil.

Tampoco hubo alegación alguna en la demanda, ni prueba alguna en el juicio, en cuanto a si se había verificado o no el pago previo de la contribución sobre trasmisión de bienes por

herencia, en lo relativo a la finca en cuestión. El artículo 12 de la Ley 99 de agosto 29 de 1925, tal como ha sido enmendado por las leyes posteriores núm. 20 de 27 de abril de 1933; núm. 189 de 13 de mayo de 1948 y núm. 386 de 12 de mayo de 1952, dispone que ningún tribunal puede aprobar la división o distribución de los bienes de ningún fallecido, a menos que se pruebe, con anterioridad al fallo o sentencia, que se ha pagado la contribución correspondiente sobre la trasmisión de los bienes heredados que han de dividirse o distribuirse. *Cf. Pérez* v. *Registrador*, 48 D.P.R. 368; *Blanco* v. *Registrador*, 27 D.P.R. 961; *Estados Unidos de América* v. *Registrador*, 61 D.P.R. 225.

Siendo aplicables a la acción envuelta en el caso de autos las reglas prevalecientes en cuanto a una partición de herencia, y siendo el previo pago de los acreedores del caudal hereditario y de la contribución sobre la trasmisión hereditaria de la finca concernida un requisito indispensable para que se pudiese dictar una sentencia como la dictada en este caso, es clara la insuficiencia de la demanda y de la prueba presentada para poder justificar el que se dictase la sentencia rendida en el caso de autos. Debió haber habido alguna alegación o prueba al efecto de que no existían acreedores algunos de la masa hereditaria o que, de haberlos, ellos habían sido pagados o afianzados, y debió haber habido alguna alegación o prueba relativa a la contribución sobre trasmisión hereditaria, en cuanto a su imponibilidad o pago.

De mantenerse la validez de la sentencia dictada en este caso, sin haberse cumplido con los requisitos ya mencionados, habría entonces margen para la evitación del pago de acreedores y de contribuciones sobre herencias mediante la interposición de acciones ordinarias de división de comunidad, sin que el tribunal tenga la oportunidad de comprobar la observancia de tales requisitos. Ello es especialmente cierto cuando el procedimiento ha de culminar en una venta de la propiedad, con la correspondiente distribución del precio entre

los herederos, ya que, en ese caso, puede disiparse totalmente la responsabilidad del caudal hereditario a interesados que no sean herederos.

██ ██ Aun si la sentencia apelada fué dictada en rebeldía, el demandado puede, en apelación, impugnar la suficiencia de la demanda. *Lester* v. *Beer*, 168 P.2d 998 (Cal.); *Reed Orchard Co.* v. *Court*, 19 Cal. App. 648, 128 Pac. 9, 16, 18; *Thompson* v. *Hickman*, 262 S.W. 20; *Yood* v. *Daly*, 174 N.E. 779; 5 C. J. S. 101; *cf. Rivera* v. *Goytía*, 70 D.P.R. 30, 32. Generalmente, una demanda insuficiente puede ser considerada como enmendada por la prueba presentada. *Ponce* v. *F. Badrena e Hijos*, ante pág. 225. *Quaere*, en cuanto a si tal doctrina es aplicable a juicios en rebeldía. *Miranda* v. *Pesquera*, 43 D.P.R. 45; *Rivera* v. *De Arce*, 54 D.P.R. 777. En el caso de autos, los defectos de la demanda no fueron suplidos por la prueba, ya que no hubo prueba alguna sobre los extremos ya apuntados.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal a quo a los fines de que la parte demandante pueda enmendar su demanda a tono con lo expuesto en esta opinión, debiendo notificarse la demanda enmendada al demandado para que pueda formular las alegaciones correspondientes, y debiendo seguirse los procedimientos posteriores que no sean incompatibles con esta opinión.*