## YOOD v DALY & ABRAMOVITZ

Ohio Appeals, 9th Dist, Summit Co

No 1821.   Decided Dec. 8, 1930

Walter S. Hutchison, Akron, for Yood.

S. M. London, Youngstown, for Daly & Abramovitz.

WASHBURN, J.

As no bill of exceptions was taken on the ruling of the court on the motion to vacate, we cannot determine whether the court erred in overruling said motion.

Said motion did not raise the question of the sufficiency of the petition, and it is now urged that the petition does not set forth facts sufficient to constitute a cause of action.

That question may be raised for the first time in a reviewing court.

**City of Youngstown v. Moore, 30 Oh St. 133.**

One of the claimed defects in the petition is that while the facts pleaded constitute a cause of action at law for slander and libel of the defendants in error in their business, they do not state a cause of action in equity to enjoin the plaintiff in error from continuing to slander and libel the defendants in error in their business, because there is no allegation that the acts complained of were done with the purpose of intimidating and preventing the public from trading with defendants in error, and no allegations setting forth facts or circumstances showing how the acts complained of might accomplish such purpose.

The general rule established by the American courts is that libels will not be enjoined even for the protection of property, but when there is other legitimate ground for equity to issue the injunction, the fact that the publication is also a libel will not prevent the injunction being issued; mere injury to property arising from the libelous or false character of the publication is not a sufficient ground, but if the circumstances are such that the publication tends to intimidate and by coercion prevent the public from trading with plaintiff and results in irreparable injury to and destruction of property rights, a court of equity may grant relief by injunction.

In the petition in the instant case, there is the general allegation that the defendant has "undertaken to ruin complain-

ants' business by bringing to bear upon their customers intimidating threats and coercive means," but such threats and means are not set forth, and no facts are alleged which connect them with the slander and libel mentioned, and no circumstances are set forth showing how the publication of such slander and libel is calculated to accomplish the purpose of intimidating and preventing the public from trading with the defendants in error.

In argument counsel for defendants in error has supplied this information, but we must take the petition as it is, nor can we indulge the presumptions and adopt the construction of the petition which would be proper if the question of the sufficiency of the petition was raised as upon demurrer. After due consideration we are of the opinion that the petition is insufficient to authorize a court of equity, upon default without the introduction of any evidence, to render the judgment that was rendered in this case. The allegations of the petition are not distinct and certain and the requisite certainly was not supplied by proof, and the plaintiff in error has the right in this proceeding to insist that the averments of the petition, unaided by proof, do not justify the judgment that was entered.

It is also claimed that the facts pleaded do not show a joint action against the plaintiff in error, there being no allegation of any connection between the separate businesses of the defendants in error.

The petition discloses that one of the plaintiffs lives on Wooster Ave. and the other on Rhodes Ave. and that their places of business are located on "Wooster Ave. and Rhodes Ave., respectively," but there is no allegation showing that they are partners or are jointly interested in said enterprises. Here again the allegations of the petition are not sufficiently definite and certain to sustain a judgment by default without evidence. If the record disclosed that evidence was taken, we would indulge the presumption that the requisite certainty was supplied; but the language of the judgment shows that no evidence was taken.

"A cause of action in favor of each or either of two plaintiffs, is no cause of action in favor of both."

**Masters v. Freeman, 17 Oh St 323, at p. 326.**

"2. Where such defect appears on the face of the petition, it may be demurred to, as not stating facts suffi-

cient to constitute a cause of action; but the right to make such defense by answer, is not waived by a failure so to demur."

Masters v. Freeman, supra.

See also —

**Taylor v. Brown, 92 Oh St 287.**

**Bartges v. O'Neil, 13 Oh St 72.**

Being of the opinion that the petition does not state facts sufficient to constitute a cause of action in favor of the defendants in error and against the plaintiff in error, we hold that the judgment by default without evidence is erroneous and for that reason should be reversed.

Judgment reversed and cause remanded.

Funk, PJ, and Pardee, J, concur.