ANA RUIZ VALENTÍN ET AL., Plaintiffs and Appellees, *v.* RAMÓN RUIZ VALENTÍN, Defendant and Appellant.

No. 10794.   Argued January 15, 1953.—Decided January 29, 1953.

*José C. Jusino* for appellant.    *José E. Díaz* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the former District Court of Bayamón Ana Ruiz Valentín together with her brother Alejandro, and her sisters Eusebia, Altagracia and Carlina Ruiz Valentín, filed a complaint of division of property against their brother Ramón Ruiz Valentín, alleging that a rural property located at Vega Baja belongs to plaintiffs and defendant by intestate inheritance of their parents, who died on January 5, 1945

and January 6, 1949, leaving their children, surnamed Ruiz Valentín, as their sole and universal heirs, the latter having accepted the inheritance; that because of its nature and size, the property is essentially indivisible and the co-owners were unable to agree that it be awarded to one of them "after paying the corresponding shares to each" and that plaintiffs had requested the defendant to sell the rural property and divide the proceeds among the co-owners, but defendant has refused to do so. Plaintiffs requested in the prayer of the complaint that the court order the sale at public auction of the afore-mentioned property, for a fair and reasonable fixed price, and that the proceeds thereof be distributed among plaintiffs and defendant.

Defendant filed a motion for dismissal alleging that the complaint "does not state facts sufficient to constitute a cause of action." The court *a quo* overruled the motion and granted defendant ten days to make new pleadings but the defendant failed to do so, and his default was entered. A hearing in default was held, wherein plaintiffs introduced evidence without defendant having appeared. At said hearing, plaintiffs introduced documentary evidence in connection with their status and that of defendant as children and heirs of their deceased parents, and with respect to their title to the property. Hilario Reyes testified as the sole witness on the status of the parties and the death of their parents, who, according to him left the aforesaid property at their death. The witness testified that defendant was in possession of the property, using and enjoying it since three or four years ago and that plaintiffs had requested him to sell the property, which defendant refused to do.

The Bayamón court sustained the complaint and rendered judgment ordering the sale of the property at public auction, fixing as a minimum rate the amount of three thousand dollars, to be distributed, share and share alike, among plaintiffs and defendant, "after deducting the costs, expenses and disbursements which might arise from this suit and the

sum of one hundred and fifty dollars for attorney's fees for plaintiffs."

Defendant has appealed to this Court from said judgment assigning the following two errors:

"First error: The former District Court of Bayamón has committed manifest error in denying the motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

"Second error: The court committed error in considering that in the light of the evidence introduced it was authorized to order, as it did, the sale at public auction of the property in question and to order the co-owners to divide the proceeds in equal shares after the payment of costs and attorney's fees."

What appellant alleges, in brief, is that the sale at public auction of the property in question was ordered without plaintiffs having alleged, and proved, the fulfillment of the requirements necessary for a partition of inheritance, such as the payment or security of the possible creditors of the parties' ancestors and of the hereditary mass and the payment of the inheritance or legacy tax. Appellant is correct.

The joint owners herein acquired their rights on the property by intestate inheritance from their parents. The community sought to be dissolved by auctioning it off was formed by virtue of hereditary acquisitions. The Ruiz Valentín are co-owners in their capacity as heirs. Therefore, the division or dissolution of the community should be governed by the rules applicable to a partition of inheritance. Section 340 of our Civil Code provides as follows:

"Section 340.—The rules relating to the division of inheritances shall apply to the division amongst part-owners."

Section 1012 of that same Code reads thus:

"Section 1012.—If the heirs of age should not agree as to the manner of making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings, approved March 9, 1905."

The partition of an estate as the one herein is the liquidation of a hereditary community (*Aponte* v. *Registrar of Caguas*, 30 P.R.R. 730), and the rules on the partition of inheritance should be applicable to the division or dissolution of a community formed by hereditary acquisitions, especially as to the mode of making the division or carrying out the dissolution. *Saurí* v. *Saurí et al.*, 39 P.R.R. 461, 472; 3 Manresa 494, 500, 6th ed., judgment of June 14, 1895 of the Supreme Court of Spain.

In *Lassús et al.* v. *Ducret et al.*, 26 P.R.R. 348, an action was brought by some heirs for the division of hereditary property. The following was stated at page 350:

"Under the theory established by the plaintiff-appellants themselves, the allegations of the complaint do not constitute an action *communi dividendo,* but an action for the division of an inheritance, and in a case like the present such an action should be brought in accordance with the provisions of the act of 1905 relating to special legal proceedings."

An *ex parte* jurisdiction is adequate pursuant to the Law of Special Legal Proceedings, when the co-owner heirs who are of age are unable to agree as to the manner of making the division but do agree as to the sale of the property. *Rivera* v. *District Court*, 68 P.R.R. 625, 628. In any event, even assuming that, if an issue arises between the parties giving rise to an adverse proceeding, resort should be had to the ordinary proceeding of division of common property (*Rivera* v. *District Court, supra*), in said action the rights and interests of the Treasury and of the possible creditors of the hereditary estate should be safeguarded and protected.

However, in the case at bar no averment was made in the complaint as to the existence or absence of creditors of the estate or if any, whether they had been paid or secured. Neither was there any evidence on that score at the trial on defendant's default.

As it is stated in *Ex parte Cautiño*, 51 P.R.R. 460, 468, the right of the creditors of an estate has priority over that

of the heirs and the debts have to be paid before the property is inherited. Therefore the heirs have no preferred claim to any portion of the inheritance, until all the debts of the estate have been paid. As stated also in the afore-cited case the heirs are entitled to a division of the inheritance provided the rights of creditors are safeguarded by payment or security as provided by § 1035 of the Civil Code.

Neither was there any averment in the complaint nor evidence at the trial as to whether the inheritance tax over the property in question, had been paid. Section 12 of Act No. 99 of August 29, 1925, (Sess. Laws, p. 790), as amended by the subsequent Acts No. 20 of April 27, 1933 (Sess. Laws, p. 232) ; No. 189 of May 13, 1948 (Sess. Laws, p. 526) and No. 386 of May 12, 1952 (Sess. Laws, p. 766), provide that no court shall approve the partition or distribution of the estate of any decedent unless it be proved, prior to the decree or judgment, that the corresponding inheritance tax has been paid. *Cf. Pérez* v. *Registrar*, 48 P.R.R. 357; *Blanco et al.* v. *Registrar of Caguas*, 27 P.R.R. 877; *United States of America* v. *Registrar*, 61 P.R.R. 218.

Inasmuch as the rules prevailing as to the partition of inheritance are applicable to the action involved herein, and inasmuch as the previous payment to the creditors of the hereditary estate and the payment of the inheritance tax on the property concerned are essential requirements in order to render a judgment such as the one rendered in the case at bar, the insufficiency of the complaint and of the evidence introduced to justify the judgment rendered in the case at bar is obvious. There should have been an allegation or proof to the effect that there were no creditors whatsoever of the hereditary mass or, if any, that they had been paid or secured, and there should have been also some allegation or proof as to the inheritance tax, its inapplicability or payment.

If the validity of the judgment rendered herein is maintained despite the nonfulfillment of the afore-mentioned

requirements, then there would be margin to avoid the payment to the creditors and for inheritance taxes by filing ordinary suits of division of common property without the court having the opportunity of ascertaining whether or not said requirements were met. This is especially true where the proceeding culminates in the sale of the property, with the corresponding distribution of the proceeds among the heirs, inasmuch as, in that case, the liability of the hereditary estate to interested parties who are not heirs may be totally dissipated.

██ Even if the judgment appealed from was rendered by default, defendant may, on appeal, question the sufficiency of the complaint. *Lester* v. *Beer*, (Cal.) 168 P. 2d 998; *Reed Orchard Co.* v. *Court*, 19 Cal. App. 648, 128 Pac. 9, 16, 18; *Thompson* v. *Hickman*, 262 S. W. 20; *Yood* v. *Daly*, 174 N. E. 779; 5 C.J.S. 101; *cf. Rivera* v. *Goytía*, 70 P.R.R. 29, 31. As a general rule, an insufficient complaint may be considered as amended by the evidence introduced. *Ponce* v. *F. Badrena e Hijos, ante*, p. 210. *Quaere*, as to whether said doctrine is applicable to default judgments. *Miranda* v. *Pesquera*, 43 P.R.R. 42; *Rivera* v. *De Arce*, 54 P.R.R. 738. In the case at bar, the defects of the complaint were not cured by the evidence, inasmuch as there was no proof on the questions stated.

The judgment appealed from will be reversed and the case remanded to the court *a quo* in order that plaintiffs may amend their complaint pursuant to the terms of this opinion, and the amended complaint be notified to defendant in order that he may set up the corresponding allegations, and for further proceedings not inconsistent with this opinion.