Blamer, Appellant, *v.* The State of Ohio, Department of Rehabilitation and Correction, Appellee.

(No. 87AP-436—Decided December 23, 1987.)

*Kircher & Phalen* and *Robert B. Newman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Sheryl D. Wiviott* and *G. Benjamin Wills,* for appellee.

BOWMAN, J. On July 26, 1985, appellant, Mark Blamer, was incarcerated at the Lebanon Correctional Institute on a two-year sentence following a conviction for grand theft auto. Beginning in October 1985, appellant was subjected to abusive and demeaning treatment by corrections officer Sheldon Greene.

Greene's treatment of appellant became increasingly abusive over a period of time, and it included threatening appellant with serious harm if he complained to the authorities. Greene's abuse of appellant was witnessed by a number of staff persons at the Lebanon Correctional Institute, including corrections officer Clyde Gentry, and by other inmates.

After an incident, observed by Gentry, where Greene, without provocation, sucker-punched appellant while he was sitting in a chair, appellant made a complaint to the institutional inspector. An inquiry was conducted in November 1985 and the initial finding was that no wrongdoing had occurred. Subsequently, guards came forward to testify, and after a second hearing, Greene was found to have violated a number of rules of conduct. On January 31, 1986, Greene was suspended for ten days without pay. On February 7, 1986, Greene tendered his resignation.

Appellant filed his complaint on October 30, 1986 alleging that he suffered severe emotional and physical injuries as a result of the negligence of the supervising personnel in not properly supervising Greene, and in not taking actions that would have prevented appellant's injuries. Appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted, and said motion was granted.

Appellant now brings this appeal and asserts the following assignment of error:

"The Court of Claims erred in granting defendant's motion to dismiss."

Appellee contends that appellant's complaint fails to state a claim for which relief can be granted because the state cannot be held liable for employees' acts which are outside the scope of their employment. See R.C. 2743.02. Appellee asserts that since Greene's actions were malicious and sadistic, he was acting outside the scope of his employment; therefore, the state is not liable, and Greene is subject to personal liability for his acts. However, whether Greene's acts were within his scope of employment, or outside it, is a question of fact that has yet to be determined. Pursuant to Ohio Adm. Code 5120-9-01 and 5120-9-04, there are times when prison officials and employees are confronted with situations where it is necessary for them to use force, and it has not yet been determined if the allegations in the complaint fall within the rules where force is allowed.

Appellant asserts that his cause of action is based on the negligence of the state in hiring Greene and in failing to supervise and discipline him. In addition, appellant contends that the state was negligent in failing to intervene and protect appellant.

In *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus, the court stated that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." See, also, *Conley* v. *Gibson* (1957), 355 U.S. 41.

An examination of the complaint in

this case reveals that appellant has alleged that his mistreatment at the hands of Greene was witnessed on numerous occasions by other guards and staff at the Lebanon Correctional Institute. Accordingly, appellant alleges that appellee was negligent in failing to protect appellant and was negligent in hiring, supervising, and disciplining Greene. Appellant's allegations do state facts sufficient to constitute a cause of action, and if those allegations can be substantiated, a claim in negligence might stand. See *Yood* v. *Daly & Abramovitz* (1930), 37 Ohio App. 574, 9 Ohio Law Abs. 197, 174 N.E. 779. Therefore, it does not appear beyond doubt from the complaint that appellant can prove no set of facts entitling him to recovery.

Accordingly, appellant's assignment of error is well-taken and is hereby sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BRYANT and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.